[No. F004443. Fifth Dist. May 29, 1986.]

THE PEOPLE, Plaintiff and Respondent, v.
TED WILSON SHIVERS, Defendant and Appellant.

**[Opinion certified for partial publication.*]**

_____

*Pursuant to California Rules of Court, rule 976.1, the portion of the opinion to be published follows.

**COUNSEL**

Allen R. Crown, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Roger E. Venturi and Anthony L. Dicce, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**BEST, J.**—Defendant appeals his conviction by jury of three counts of first degree murder in violation of Penal Code[1] section 187. Following his conviction, defendant admitted two prior prison terms alleged in the information pursuant to section 667.5, subdivision (b). Defendant was sentenced to life imprisonment without possibility of parole on each of the three counts of murder with the sentence on each count imposed consecutively to the other. The sentence for each count was enhanced by a one-year period for each of the prior prison terms.

We reject defendant's multiple contentions of reversible error and affirm the judgment of conviction as to each count of murder in the first degree. We agree with defendant's claim of sentencing error and strike one of the one-year enhancements imposed on each count.

---

[1]All statutory references are to the Penal Code unless otherwise indicated.

STATEMENT OF FACTS*

PROSECUTION

PATRICIA B./DIANE N.

. . . . . . . . . . . . . . . . . . . . . . . . . . . .

V

*May defendant's sentence be enhanced pursuant to section 667.5, subdivision (b), where the prior prison term was for a crime committed after the commission of the crimes for which he is presently being sentenced?*

■ Each count of the information alleged that defendant had served two prior prison terms for prior felony convictions, receiving stolen property (Kern County, Feb. 11, 1981), and escape (San Bernardino County, July 7, 1975). Defendant admitted the allegations, and his sentence was enhanced by one year for each of the prior prison terms. He now contends that the enhancement resulting from the prior prison term for his receiving-stolen-property conviction was imposed improperly because that offense was committed after the date of the murders for which he was convicted in the instant case. We agree.

The events resulting in defendant's February 11, 1981, conviction of receiving stolen property occurred on April 29, 1980. The murders of Patricia B. and Diane N. were committed on March 9, 1980, and the murder of Sarah Jane S. on April 23, 1980.

Defendant was sentenced to state prison on February 11, 1981, following his plea of guilty to the receiving-stolen-property charge. He had completed serving that sentence prior to his arrest, trial and conviction of the murders of Patricia B., Diane N. and Sarah Jane S. in the present action.

The crimes for which defendant stands presently convicted are not, therefore, *new offenses* within the meaning of section 667.5, which provides in pertinent part: "Enhancement of prison terms for new offenses because of prior prison terms shall be imposed as follows:

---

*See footnote *ante,* page 847.

"`. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(b) . . . where the new offense is any felony for which a prison sentence is imposed, in addition and consecutive to any other prison terms therefor, the court shall impose a one-year term for each prior separate prison term served for any felony; . . ." While nowhere in section 667.5 is it stated that the prior prison term must be for an offense which occurred prior to the new offense for which sentence is presently being imposed, section 667.5 specifically provides a prior prison term is to enhance only a prison term for a new offense. According to Black's Law Dictionary, new is defined as follows: "this word may denote novelty, or the condition of being previously unknown or of recent or fresh origin, but ordinarily it is a purely relative term and is employed in contrasting the date, origin, or character of one thing with the corresponding attributes of another thing of the same kind or class." (Black's Law Dict. (5th ed. 1979) p. 940, col. 1.) It may be inferred, therefore, that the Legislature intended the new offense to be contrasted with a previous offense for which a prison term was imposed.

"'One of the primary purposes for the enactment of the determinate sentencing law and the entire legislative purpose in providing for enhanced sentences on account of prior convictions was to increase the penalties incurred by repeat offenders and thus, hopefully, deter recidivism. . . .'" (*People* v. *Green* (1982) 134 Cal.App.3d 587, 593 [184 Cal.Rptr. 652], quoting *People* v. *Espinoza* (1979) 99 Cal.App.3d 59, 74 [159 Cal.Rptr. 894].) ■ The purpose of deterring recidivism would not be effectuated by enhancing a present offense by an offense not yet committed. "Accepted principles of statutory construction . . . compel wherever possible a construction that does not lead to absurd consequences." (*People* v. *King* (1978) 22 Cal.3d 12, 23 [148 Cal.Rptr. 409, 582 P.2d 1000].)

■ Furthermore, on the issue discussed herein, the language of section 667.5 is, at best, ambiguous and subject to differing interpretations. Our Supreme Court has charted clearly our course when interpreting penal statutes. "In our search for legislative intent, we are also guided by the principle that '[i]n construing a criminal statute, a defendant "must be given the benefit of every reasonable doubt as to whether the statute was applicable to him." [Citation.]' (*People* v. *Baker* (1968) 69 Cal.2d 44, 46 . . . .)" (*People* v. *Caudillo* (1978) 21 Cal.3d 562, 576 [146 Cal.Rptr. 859, 580 P.2d 274].) "Provisions of the Penal Code are 'to be construed according to the fair import of their terms, with a view to effect its objects and to promote justice.' (§ 4.) 'Where the statute is susceptible of two reasonable constructions . . . defendant is ordinarily entitled to that construction most favorable to him.' (*Bowland* v. *Municipal Court* (1976) 18 Cal.3d 479, 488 . . . .)" (*People* v. *King, supra,* 22 Cal.3d 12, 23.) Where statutory language

is ambiguous, "under settled rules of statutory construction we would be bound to resolve the ambiguity in favor of defendant . . . ." (*People* v. *Belmontes* (1983) 34 Cal.3d 335, 345 [193 Cal.Rptr. 882, 667 P.2d 686].)

The judgment is reversed insofar as it finds that defendant suffered a prior prison term as a result of his February 11, 1981, conviction of receiving stolen property. The trial court is directed to prepare an amended abstract of judgment which makes no reference to such a finding and strikes the one-year enhancement imposed on each count pursuant to such finding. A certified copy of said amended abstract of judgment shall be forwarded to the Department of Corrections and other appropriate parties.

In all other respects, the judgment is affirmed.

Hanson (P. D.), Acting P. J., and Martin, J., concurred.