[No. B015865. Second Dist., Div. Five. Dec. 4, 1986.]

THE PEOPLE, Plaintiff and Respondent, v.
STEPHEN JAMES RODRIGUE, Defendant and Appellant.

COUNSEL

Michael R. Totaro, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, John R. Gorey and William R. Weisman, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

ASHBY, J.—Appellant Stephen Rodrigue pleaded nolo contendere to one count of burglary. (Pen. Code, § 459.)[1] Appellant stipulated that the burglary

---

[1]All statutory references are to the Penal Code unless otherwise specified.

was committed while he had two other criminal matters pending. He was awaiting sentence on case No. A808206, in which he had pleaded guilty to two counts of passing checks with insufficient funds. (§ 476a.) He was awaiting trial on case No. A590249 for cocaine sale. (Health & Saf. Code, § 11352.) Appellant had been out on bail on both cases, but because he failed to appear bail was revoked.

The trial court imposed the low term of two years on the burglary. Based on the stipulated facts, the trial court enhanced appellant's sentence on the burglary count pursuant to former section 12022.1.[2] The court designated the burglary sentence as the base term and the sentence to be given on case No. A808206 as the subordinate term, ordered the subordinate term to run consecutively, imposed a two-year enhancement to run consecutively and stayed the enhancement.[3,4]

■ Appellant first contends that it was error to find the enhancement allegation true because the information does not allege a prior conviction on No. A590249. (*Panos* v. *Superior Court* (1984) 156 Cal.App.3d 626 [203 Cal.Rptr. 115].) Claims based on the form of the pleading cannot be raised on appeal where no objection was made in the trial court. (*People* v. *Carr* (1972) 8 Cal.3d 287, 300 [104 Cal.Rptr. 705, 502 P.2d 513].) While appellant objected to the applicability of former section 12022.1 to case No. A590249 both at the preliminary hearing and at the time of sentencing, he did not raise this particular objection regarding the form of the pleading. Thus the objection regarding the information was waived.

---

[2]Former section 12022.1 provided: "Any person convicted of a felony offense which was committed while that person was released from custody on bail or on his or her own recognizance pending trial on an earlier felony offense shall, upon conviction of the later felony offense, be subject to a penalty enhancement as follows: [¶] (a) If the person is convicted of a felony for the earlier offense, is sentenced to state prison for the earlier offense, and is convicted of a felony for the later offense, any state prison sentence for the later offense shall be consecutive to the earlier sentence. In addition, the sentence for the later offense shall be enhanced by an additional term of two years. [¶] (b) If the person is convicted of a felony for the earlier offense, is granted probation for the earlier offense, and is convicted of a felony for the later offense, any state prison sentence for the later offense shall be enhanced by an additional term of two years. [¶] (c) If the earlier offense conviction is reversed on appeal, the enhancement shall be suspended pending retrial of that felony. Upon retrial and reconviction, the enhancement shall be reimposed. If the person is no longer in custody for the later offense upon reconviction of the earlier offense, the court may, at its discretion, reimpose the enhancement and order him or her recommitted to custody."

The present version of section 12022.1 was enacted in September 1985, after appellant was sentenced. (Stats. 1985, ch. 533, § 1.)

[3]The abstract of judgment does not accurately reflect the sentencing order.

[4]The trial court sentenced consecutively pursuant to former section 12022.1 on the burglary and case No. A808206. Therefore, despite the stay of the two-year enhancement, this appeal is not moot as contended by the Attorney General.

■ Appellant also argues that the record contains no evidence of a conviction in case No. A590249. The probation report in the burglary matter had the probation report in case No. A808206 attached to it. The latter report shows that appellant was sentenced in case No. A590249 on April 10, 1985. Thus, the record shows a conviction on both pending matters, and there is no objection to the enhancement on this ground.[5]

■ Appellant's next contention is that former section 12022.1 did not apply because, at the time he committed the burglary, bail had been revoked on both pending cases.[6] Because he was a fugitive, he argues, he was neither out of custody on bail nor on his own recognizance when he committed the burglary, as required by the statute. Therefore, he contends, the enhancement should be stricken.

Appellant bases his argument on several cases which interpret other language in section 12022.1. These cases do not resolve the question he presents. The language upon which appellant relies for his argument has not yet been interpreted. We do so here, following settled rules of statutory construction. ■ If statutory language is clear and unambiguous, judicial construction is unwarranted. (*People* v. *Superior Court (Price)* (1984) 150 Cal.App.3d 486, 488 [198 Cal.Rptr. 61].) ■ The language in question states that former section 12022.1 applies to: "Any person convicted of a felony offense which was committed *while that person was released from custody on bail* or on his or her own recognizance . . . ." (Former § 12022.1; italics added.) Appellant concedes that he was out of custody because he had been released on bail on both prior offenses. During the period that he was out of custody because he had been released on bail, he committed the burglary. The statutory language standing alone clearly encompasses appellant's situation.

■ Even if there were an ambiguity or uncertainty, we must construe the statutory language to effectuate the apparent legislative purpose. (*People* v. *Superior Court (Price), supra,* 150 Cal.App.3d 486, 488.) ■ The purpose of former section 12022.1 "is to deter, by punishing, those persons released on bail or on their own recognizance from committing new felonies while awaiting trial court judgment on the felony charge." (*Id.,* at p. 489. But see *People* v. *Overstreet* (1986) 42 Cal.3d 891, 897, fn. 4 [231 Cal.Rptr. 213, 726 P.2d 1288].) It is difficult to see how this statutory purpose would be furthered by the adoption of a distinction between those who honor their bail agreements and fugitives, particularly if the distinction rewards the

---

[5]The trial court read the probation report.

[6]In appellant's argument heading, he refers only to case No. A808206, but in the argument he seems to include both pending cases.

fugitives. Not only would it not deter the commission of new felonies, it would encourage bail jumping. Appellant's argument is inconsistent with the legislative intent and is rejected.

Appellant's reliance on *United States* v. *Castaldo* (9th Cir. 1980) 636 F.2d 1169, and *United States* v. *Burns* (9th Cir. 1982) 667 F.2d 781, is completely misplaced. The courts in those cases were interpreting a federal bail jumping statute. (18 U.S.C. § 3150.) The issue of whether bail was in effect or had been revoked was pertinent to the charge of bail jumping, but has no meaning in this case. Appellant had been released on bail, and while he was out of custody pursuant to that release he committed the burglary which led to this conviction. That bail had been revoked at the time of the burglary is irrelevant.

■ During the pendency of this appeal, the Supreme Court issued *People* v. *Overstreet, supra,* 42 Cal.3d 891, and held that former section 12022.1 is not applicable to persons whose second offense is committed after a guilty plea to the first offense. The trial court sentenced appellant consecutively on the burglary in case No. A808206 pursuant to former section 12022.1. The record shows that appellant committed the burglary after he pleaded guilty in case No. A808206. Thus, under *Overstreet,* appellant's sentence is void to the extent that the No. A808206 sentence is consecutive pursuant to former section 12022.1. We find that former section 12022.1 applies, but the trial court can only consider case No. A590249 as the first offense. Therefore, the case is remanded for resentencing.

The judgment is reversed in part and remanded for resentencing consistent with the views expressed in this opinion. In all other respects, the judgment is affirmed.

Feinerman, P. J., and Hastings, J., concurred.