[No. B027842. Second Dist., Div. Six. Apr. 13, 1988.]

THE PEOPLE, Plaintiff and Respondent, v.
LONNIE LOUIS WARINNER, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for partial publication. The portions to be published follow.

**COUNSEL**

Creig Alan Dolge, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Robert F. Katz and John R. Gorey, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**GILBERT, J.**—While defendant Lonnie Louis Warinner was free on bail on two felony offenses, he committed another felony. We affirm the conviction and hold that the trial court may impose two consecutive enhancements under Penal Code section 12022.1,[1] which provides that a defendant's sentence may be enhanced if he commits a felony while on bail for another felony.

. . . . . . . . . . . . . . . . . . .*

---

[1] All statutory references are to the California Penal Code.

*See footnote, *ante,* page 1352.

## FACTS

The issue here arises from three cases. *Case No. 1* - Warinner was charged with various felonies including burglary and fraudulent use of a credit card. *Case No. 2* - Warinner was again charged with various felonies which also included burglary and fraudulent use of a credit card. Warinner was released on bail pending trial on both cases Nos. 1 and 2. *Case No. 3* - While on bail on cases Nos. 1 and 2, Warinner committed another felony, burglary.

Warinner pleaded guilty to felonies in case No. 1, and was found guilty of felonies in cases Nos. 2 and 3. He was sentenced on all three cases at the same time. The trial judge sentenced him to a total prison term of twelve years: a four-year principal term in case No. 3; sixteen months consecutive sentence for case No. 1; eight months consecutive sentence for case No. 2; two 1-year consecutive terms for service of prior prison terms within section 667.5, subdivision (b); and two 2-year consecutive terms for violation of bail status within section 12022.1.

On appeal Warinner argues that the trial judge erred by imposing sentence on both bail enhancements. We disagree and conclude that the Legislature intended multiple enhancements under section 12022.1.

## DISCUSSION

Warinner argues that he was twice punished for the single act of burglary in case No. 3 by the imposition of two bail enhancements. He contends that this sentence violates section 654 and ignores the reasoning of *In re Culbreth* (1976) 17 Cal.3d 330 [130 Cal.Rptr. 719, 551 P.2d 23]. He also points out that the Legislature has authorized multiple enhancements by express language in other Penal Code sections and that section 12022.1 lacks similar phrasing.

Section 12022.1 provides in part: "Any person arrested for a secondary offense which was alleged to have been committed while that person was released from custody on a primary offense shall be subject to a penalty enhancement of an additional two years in state prison which shall be served consecutive to any other term imposed by the court." The section defines a "primary offense" as "a felony offense for which a person has been released from custody on bail or on his or her own recognizance prior to the judgment becoming final, including the disposition of any appeal, or for which release on bail or his or her own recognizance has been revoked." A "secondary offense" is "a felony offense alleged to have been committed while the person is released from custody for a primary offense." The section also describes pleading and proof requirements. Under section

12022.1, both the burglaries and credit card forgeries in cases Nos. 1 and 2 constitute primary offenses, and the burglary committed in case No. 3 constitutes a secondary offense.

■ We disagree with Warinner's contention that section 654 prevents the imposition of two bail enhancements here. That section provides in part: "An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one . . . ." Section 654 has long been construed as inapplicable to enhancements because enhancements do not define an offense. Instead, they prescribe increased punishment in certain circumstances. (*People* v. *Walker* (1976) 18 Cal.3d 232, 242 [133 Cal.Rptr. 520, 555 P.2d 306]; *People* v. *Parrish* (1985) 170 Cal.App.3d 336, 344 [217 Cal.Rptr. 700].) Since section 12022.1 provides for an additional penalty and does not describe a criminal offense, the limitation of section 654 does not apply.

Neither is the reasoning of *In re Culbreth, supra,* 17 Cal.3d 330, pertinent. *Culbreth* concerned multiple enhancements under section 12022.5 for use of a firearm if an indivisible course of conduct with multiple victims exists. Our Supreme Court reasoned that the Legislature intended an enhancement under section 12022.5 to deter a defendant's use of a gun in the future: " '[T]he statute envisions a single application of deterrent force for each occasion, hopefully to deter gun use on a future occasion.' " (*Culbreth, supra,* at p. 334.) The court concluded that separate firearm penalties were inconsistent with the objective of section 12022.5, where the "occasion" involved multiple victims. (*Ibid.*) The *Culbreth* holding did not rest upon section 654. (*Id.* at pp. 335-336 (dis. opn. of Clark, J.).)

■ Section 12022.1, subdivision (b), compels an enhancement where a defendant, released from custody "on *a* primary offense," commits another offense. By its language, the section permits the two enhancements imposed, despite the omission of the word "each" as stated in other enhancement statutes. (See §§ 667, 667.5 and 667.6.) ■ The established rules of statutory interpretation require us to apply a statute without further construction if it is not ambiguous or uncertain. (*People* v. *Overstreet* (1986) 42 Cal.3d 891, 895 [231 Cal.Rptr. 213, 726 P.2d 1288].) ■ Here the legislative intent is best discerned by reference to the words and phrases used. (*Ibid.*) Although the Legislature did not expressly prescribe the application of section 12022.1 for "each" primary offense for which a defendant is on bail, a fair reading of the statute compels that result. Subdivision (b) of the section mandates a two-year enhancement where a defendant is released from custody "on a primary offense." Since the legislative meaning is ob-

vious, it matters not that the Legislature did not use the words "each primary offense."

The legislative intent of section 12022.1 was to punish recidivists with additional penalties. The increased penalties here are due to Warinner's status *as a repeat offender* and arise as an incident of the subsequent offense. (*People* v. *Jackson* (1985) 37 Cal.3d 826, 833 [210 Cal.Rptr. 623, 694 P.2d 736], overruled on other grounds in *People* v. *Guerrero* (1988) 44 Cal.3d 343, 348 [243 Cal.Rptr. 688, 748 P.2d 1150].)

This rationale is not changed by *People* v. *Tassell* (1984) 36 Cal.3d 77, 90 [201 Cal.Rptr. 567, 679 P.2d 1], which comments upon the two kinds of enhancements mentioned in section 1170.1, subdivision (a). Section 12022.1, like section 667.5 (prior prison term served), is an enhancement that goes to the nature of the offender. This is distinguished from enhancements that arise from the circumstances of the crime such as section 12022.5 (use of a firearm). An enhancement arising from the circumstances of the crime may enhance several counts, but an enhancement that goes to the nature of the offender is only added once in arriving at the aggregate sentence.

Our holding permitting Warinner's sentence to be enhanced for each pending case from which he was released from custody is not inconsistent with section 1170.1, subdivision (a) or *Tassell.* Each enhancement may be added once in arriving at the aggregate sentence. As the People point out, and individual with two or more prior prison terms is more culpable and may be punished more severely than an individual with only one prior prison term. So too here, a person released from custody on more than one pending case who commits an offense is more culpable than a person who commits an offense while being out on bail on only one case. As culpability increases, additional punishment follows. The purpose of section 12022.1 is to penalize recidivists. This is accomplished by increasing punishment for one who commits an additional offense while released from custody on earlier offenses.

. . . . . . . . . . . . . . . . . .*

---

* See footnote, *ante,* page 1352.

The judgment of conviction is affirmed.

Stone (S. J.), P. J., and Abbe, J., concurred.