[No. H004721. Sixth Dist. July 10, 1989.]

THE PEOPLE, Plaintiff and Respondent, v.
JOSEPH MELCHOR, Defendant and Appellant.

**COUNSEL**

John A. W. Halley, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Christopher J. Wei and Theresa Canepa, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**PREMO, J.**—Appellant Joseph Melchor challenges his sentence for five convictions of residential burglary (Pen. Code, §§ 459, 460, subd. 1),[1] including a bail enhancement (§ 12022.1), and a prior serious felony conviction enhancement (§ 667). He contends the court improperly designated the principal term (§ 1170.1, subd. (a)) and that imposition of both enhancements violates section 654. For the reasons stated below, we affirm the judgment.

Two cases are involved. In the first, appellant pled no contest to four counts of residential burglary. He received the midterm of four years on one count and a consecutive sentence of sixteen months on another count. Concurrent midterms were imposed for the remaining two counts.

In the second case, appellant was charged with another residential burglary. The information also alleged a bail enhancement (§ 12022.1) and that appellant had been "convicted of a serious felony, to wit, 4 counts of residential burglary, in violation of Section 459" (§ 667). Appellant pled guilty to the burglary charge in the second case and admitted the bail enhance-

---

[1] Unspecified statutory references are to the Penal Code.

ment. Appellant denied the validity of the prior convictions; in a subsequent trial, the court found appellant had been convicted of one prior serious felony within the meaning of section 667.[2]

Appellant was sentenced to the upper term of six years for the burglary conviction in the second case. The court determined this term would be the principal term for computing appellant's total sentence in both cases. The only change in the sentence from the first case was a reduction of the four-year midterm to a consecutive sentence of sixteen months. An enhancement of five years was added for the prior serious felony conviction and two years were added for the bail enhancement. Appellant's aggregate sentence totalled 15 years, 8 months in state prison.

Appellant contends imposition of both the two-year bail enhancement (§ 12022.1)[3] and the five-year serious felony enhancement (§ 667)[4] "amounted to an improper dual use and double punishment of the same criminal acts, namely, the burglaries in [the first case]." In appellant's view, one or the other of the enhancements could be imposed, but not both.

Section 654 provides: "[a]n act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case may it be punished under more than one . . . ." Although appellant correctly notes there is a split of authority on whether section 654 applies to enhancements (cf. *People* v. *Dobson* (1988) 205 Cal.App.3d 496, 501 [252 Cal.Rptr. 423] [and cases there cited], with *People* v. *Rodriguez* (1988) 206 Cal.App.3d 517, 519 [253

[2] The court stated: ". . . I do not find within the facts of this case that the 667(a) prior is four separate individual priors brought and tried separately. That's not to say that they could not have been. [¶] [ ] In this case, based on the facts of this case, and based on the advisements I gave [appellant] at the time of his waiver, and so forth, I think I envisioned and I do conclude now that we are dealing with a single 667(a) five-year prior, and it is my intention to impose it."

[3] Section 12022.1, subdivision (b), provides: "Any person arrested for a secondary offense which was alleged to have been committed while that person was released from custody on a primary offense shall be subject to a penalty enhancement of an additional two years in state prison which shall be served consecutive to any other term imposed by the court." "Primary offense" is defined as "a felony offense for which a person has been released from custody on bail . . . ." (§ 12022.1, subd. (a)(1).) "Secondary offense" is defined as "a felony offense alleged to have been committed while the person is released from custody on the primary offense." (§ 12022.1, subd. (a)(2).)

[4] Section 667, subdivision (a), provides in part: "any person convicted of a serious felony who previously has been convicted of a serious felony . . . shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately." Residential burglary is a serious felony. (§§ 667, subd. (d), 1192.7, subd. (c)(18).)

Cal.Rptr. 633] [and cases there cited]), it is unnecessary to resolve this issue because imposition of the two enhancements here was neither a violation of section 654 nor an improper dual use of facts. (§ 1170, subd. (b); Cal. Rules of Court, rule 441.)

While it is true that appellant would not have been subject to either enhancement but for his conviction in the first case, it does not follow that the charges underlying this conviction were punished twice or that there was a dual use of facts. The five-year enhancement was imposed because appellant was convicted of a serious felony after having been convicted of a prior serious felony. (§ 667, subd. (a).) The two-year enhancement was imposed because appellant committed an additional felony offense while released from custody on the earlier felony offenses. (§ 12022.1, subd. (b).) Section 12022.1 thus requires an additional fact be shown before the enhancement is imposed, namely, that the defendant was released on bail at the time of the commission of the secondary offense. This additional requirement distinguishes section 12022.1 from section 667 and justifies imposition of the separate enhancement. Furthermore, the purposes underlying each of the two provisions are different. ■ The purpose of section 667 is to discourage persons who commit serious felonies from doing so again. (*People* v. *Kane* (1985) 165 Cal.App.3d 480, 487 [211 Cal.Rptr. 628].) ■ The bail enhancement, by contrast, reflects appellant's breach of the terms of his special custodial status and applies whether or not the felony offenses are serious. (*People* v. *Warinner* (1988) 200 Cal.App.3d 1352, 1356 [247 Cal.Rptr. 197]; cf. *People* v. *Jerome* (1984) 160 Cal.App.3d 1087, 1098-1099 [207 Cal.Rptr. 199]; *People* v. *Levell* (1988) 201 Cal.App.3d 749, 752-753 [247 Cal.Rptr. 489].)

■ Appellant's argument also overlooks that he was convicted of four separate burglaries in the first case. This fact is fatal to his claim even if we were to accept the premise that section 654 prohibits imposition of both a bail enhancement and a prior serious felony enhancement where there is but one underlying conviction. Although the trial court determined there was only a single prior conviction within the meaning of section 667 because the four charges in the first case were not brought and tried separately, this determination did not preclude the court from relying on the individual charges and resulting conviction in imposing the bail enhancement. Unlike section 667, section 12022.1 does not require each underlying charge be brought and tried separately. Rather, a separate enhancement may be imposed for each "primary offense," which is defined as "a felony offense for which a person has been released from custody on bail." (§ 12022.1, subd. (a)(1).) In the present case, there were four distinct primary offenses for which the court could have imposed separate two-year enhancements.

(*People* v. *Warinner, supra,* 200 Cal.App.3d at pp. 1355-1356.) The conviction resulting from only one of these offenses would have been sufficient to impose the section 667 enhancement, leaving three distinct primary offenses for which the court could have imposed a section 12022.1 enhancement. Accordingly, imposition of the two enhancements was not prohibited by section 654 nor was it a dual use of facts.

■ Appellant also claims the court erred when it designated the upper term for the conviction in the second case as the principal term in computing appellant's aggregate sentence in both cases. The court relied on section 1170.1, subdivision (a), which in part provides that "when any person is convicted of two or more felonies, whether in the same proceeding or court or in different proceedings or courts, and whether by judgment rendered by the same or by a different court, and a consecutive term of imprisonment is imposed under Sections 669 and 1170, the aggregate term of imprisonment for all these convictions shall be the sum of the principal term, the subordinate term and any additional term imposed pursuant to Section . . . 12022.1 . . . . The principal term shall consist of the greatest term of imprisonment imposed by the court for any of the crimes . . . . The subordinate term for each consecutive offense which is not a 'violent felony' as defined in subdivision (c) of Section 667.5 shall consist of one-third of the middle term of imprisonment . . . ."

Appellant argues the principal term of four years in the first case should have remained the principal term in both cases since the court was required to sentence him consecutively in the second case. He relies on subdivision (e) of section 12022.1, which provides: "If the person is convicted of a felony for the primary offense, is sentenced to state prison for the primary offense, and is convicted of a felony for the secondary offense, any state prison sentence for the secondary offense shall be consecutive to the primary sentence."

A similar contention was rejected by the court in *People* v. *Jackson* (1987) 192 Cal.App.3d 209, 220 [237 Cal.Rptr. 373], which concluded "the Legislature did not intend to alter the consecutive sentencing scheme of [Penal Code] section 1170.1 when it enacted section 12022.1. It simply intended the sentences on the [primary] and [secondary] offenses to be served consecutively, with the principal and subordinate terms designated according to section 1170.1." We agree with the holding in *Jackson*. (See also *People* v. *Baries* (1989) 209 Cal.App.3d 313, 319-320 [256 Cal.Rptr. 920].) There was no error here because the court designated the principal term in accordance with section 1170.1.

The judgment is affirmed.

Capaccioli, Acting P. J., and Elia, J., concurred.

A petition for a rehearing was denied August 3, 1989.