[No. F012660. Fifth Dist. Oct. 3, 1990.]

THE PEOPLE, Plaintiff and Respondent, v.
WALTER WILFREDO VEGA, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

\* Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of part III.

508

COUNSEL

Neil M. Herring, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Harley D. Mayfield, Assistant Attorney General, Maxine Cutler, Yvonne H. Behart and Rosendo Pena, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

REID, J.*—

## INTRODUCTION

Defendant Walter Wilfredo Vega was convicted by jury verdicts of two counts of violation of Penal Code section 666 (petty theft with a prior theft-related conviction, counts I and II) and one count of violation of Penal Code section 459 (burglary of the second degree, count III).[1] In addition, the jury found true allegations that defendant had previously served two separate prior prison terms within the meaning of section 667.5, subdivision (b), and had committed the subject burglary while released from custody pending trial on the theft charges (§ 12022.1). As a consequence of these verdicts and findings, defendant was sentenced to a total of seven years and four months in state prison.

Defendant does not directly challenge the jury's verdicts or findings, but does assert on this appeal that a variety of sentencing errors resulted in his receiving an excessive and unconstitutional sentence. We reject all of defendant's contentions with the exception of the one contention contained in the portion of this opinion that is not published.

## STATEMENT OF THE CASE

On June 20, 1985, an information was filed against defendant. He was charged in two counts with violating section 666, petty theft with a prior theft-related conviction. The prior conviction underlying the section 666

---

* Retired judge of the superior court sitting under assignment by the Chairperson of the Judicial Council.

[1] All future code references are to the Penal Code unless otherwise noted.

counts was a May 31, 1979, conviction for burglary. In addition to the above charges, it was alleged that defendant had served a prior prison term within the meaning of section 667.5, subdivision (b). The prior conviction underlying this enhancement was for being a convicted felon in possession of a firearm (§ 12021, subd. (a)) occurring on November 29, 1982.

On August 15, 1985, defendant failed to appear for trial confirmation. His honor release was revoked and a bench warrant was issued. Defendant was arrested on March 3, 1989, for his involvement in a burglary at Sears.

On June 8, 1989, a first consolidated and amended information was filed. In addition to the charges contained in the June 20, 1985, information, defendant was charged in count III with the burglary of Sears (§ 459). An enhancement was alleged as to count III that the burglary occurred while defendant was released from custody on counts I and II (§ 12022.1). In addition to the prior prison term alleged in the June 1985 information, a prior prison term enhancement (§ 667.5, subd. (b)) was alleged for the May 31, 1979, burglary conviction. This was the same prior conviction alleged as part of the section 666 charges in counts I and II.

Following a jury trial, defendant was found guilty as charged, and all of the enhancements were found to be true. On August 16, 1989, defendant was sentenced to prison. The court imposed the midterm of two years for count I. The court ordered that the sentences for counts II and III were to run consecutively to count I. The additional consecutive term for each was eight months, one-third the midterm of two years. A full two-year consecutive term was added for the section 12022.1 enhancement. In addition, two 1-year consecutive terms were added for the section 667.5, subdivision (b) prior prison term enhancements, for a total of seven years four months.

### STATEMENT OF FACTS

The salient facts are not in issue and can be briefly summarized.

On August 12, 1984, defendant was seen in K mart putting two pairs of pants into his female companion's purse. He left the store without paying for the items (count I).

On November 9, 1984, defendant went behind a counter at Macy's, removed a shopping bag, and stuffed belts into it. He left the store without paying for the belts (count II).

On March 3, 1989, defendant was in Sears and was seen concealing shirts and pants in a baby carriage. He left the store with the baby carriage and without paying for the items in the carriage (count III).

DISCUSSION

I.

*Defendant Was Not Punished Twice for His Prior Burglary in Violation of Section 654*

■ Defendant contends that the prior prison term enhancement imposed under section 667.5, subdivision (b) for the 1979 burglary was improper because this was the same conviction underlying the section 666 charges escalating the petty thefts to felonies.

There is a split of authority in the Courts of Appeal on the question whether a single conviction and period of incarceration for the conviction may be used both to upgrade petty theft from a misdemeanor to a felony under section 666 and to enhance the sentence under section 667.5, subdivision (b).

Section 666 provides: "Every person who, having been convicted of petit theft, grand theft, auto theft under Section 10851 of the Vehicle Code, burglary, robbery, or a felony violation of Section 496 and having served a term therefor in any penal institution or having been imprisoned therein as a condition of probation for that offense, is subsequently convicted of petit theft, then the person convicted of that subsequent offense is punishable by imprisonment in the county jail not exceeding one year, or in the state prison."

Section 667.5, subdivision (b) requires that a one-year consecutive enhancement be given for each prior separate prison term served by the defendant for any felony.

In *People* v. *Ancira* (1985) 164 Cal.App.3d 378 [210 Cal.Rptr. 527], the First District Court of Appeal, Division Five, held that it was impermissible to impose an enhancement for the prior burglary conviction that was also the basis of the section 666 violation. The sole authority for the conclusion reached in *Ancira* was the California Supreme Court case of *People* v. *Edwards* (1976) 18 Cal.3d 796 [135 Cal.Rptr. 411, 557 P.2d 995].

In *Edwards* the defendant was convicted of possession of a firearm by a convicted felon. (§ 12021, subd. (a).) The trial court added a two-year enhancement for a prior conviction (former § 3024). The same felony conviction was utilized for both charges. The Supreme Court in *Edwards* found this to be invalid.

"The court's reliance on defendant's prior conviction for the dual purpose of augmenting sentence and providing an essential element of the charged offense, however, runs afoul of the established rule that when a prior conviction constitutes an element of criminal conduct which otherwise would be noncriminal, the minimum sentence may not be increased because of the indispensable prior conviction. [Citations.] Here, proof of defendant's marijuana conviction may be used *only* to establish an element of a violation of section 12021 and *not* to increase the term of the sentence under section 3024." (*People* v. *Edwards, supra*, 18 Cal.3d 796, 800.)

The Third District Court of Appeal in *People* v. *Bruno* (1987) 191 Cal.App.3d 1102 [237 Cal.Rptr. 31] persuasively explains why the above language from *Edwards* is no longer controlling on the issue.

"*Edwards* predates the enactment of the Uniform Determinate Sentencing Act (added by Stats. 1976, ch. 1139, operative July 1, 1977) in which section 1170 is included. Subdivision (b) of section 1170, as originally enacted, provided in relevant part: 'When a judgment of imprisonment is entered the court shall order the middle of the three possible terms of imprisonment, unless there are circumstances in aggravation or mitigation of the crime . . . . In no case shall the court impose an upper term upon a finding of any fact used to enhance the sentence under Section 667.5, 1170.1a, 12022, 12022.5, 12022.6, or 12022.7. In no event shall any fact be used twice to determine, aggravate, or enhance a sentence.' The last quoted sentence of subdivision (b) as originally enacted codified the holding of *Edwards*, relied upon in *Ancira*.

"Prior to its operative date, July 1, 1977, the Uniform Determinate Sentencing Act was amended. In addition to making some minor changes in subdivision (b) of section 1170, the amendment deleted in its entirety the sentence, 'In no event shall any fact be used twice to determine, aggravate, or enhance a sentence.' The few sources of legislative history we have located shed no light on why the proponents of the amendment deleted the prohibition against twice using the same fact to 'determine, aggravate, or enhance a sentence.' It is nevertheless clear that the deletion of this prohibition absolutely precludes a construction of the existing section which would again include the prohibition just as if it had not been eliminated by the Legislature. [Citation.] Consequently, neither *Edwards* nor its progeny, *Ancira*, is authority for prohibiting an enhancement under section 667.5 based upon the same prior felony conviction as constitutes the underlying conviction for a section 666 charge. Here the sentence pronounced properly carried out the policies of both sections 666 and 667.5, imposing a greater punishment on a thief because of his recidivism and additional punishment on a felon whose prior prison term failed to deter future criminality."

(*People* v. *Bruno, supra,* 191 Cal.App.3d 1102, 1106-1107, fns. omitted.) *Bruno* also convincingly illustrates that sections 666 and 667.5 are discrete.

"Defendant's status as a recidivist within section 666 was established by his guilty plea to the charge which alleged he committed a petit theft and had previously been convicted of burglary for which he 'served a term . . . in a penal institution . . . as a condition of probation for said offense.' The prior burglary conviction resulting in probationary incarceration was an essential element of that charge. The 'prior separate prison term served' for the burglary was a discrete incident for which the court 'shall impose a one-year term.' [Citations.] There was no prohibited dual use of facts in the sentencing calculus." (*People* v. *Bruno, supra,* 191 Cal.App.3d 1102, 1105.)

The Sixth District Court of Appeal followed *Bruno* in *People* v. *Levell* (1988) 201 Cal.App.3d 749 [247 Cal.Rptr. 489].

The Second District Court of Appeal, Division Six, followed *Bruno* in *People* v. *Rodriguez* (1988) 206 Cal.App.3d 517 [253 Cal.Rptr. 633], and additionally found that section 654[2] applies to acts and not facts. Since sections 666 and 667.5 apply to facts (the status of the recidivist offender) and not to conduct, section 654 does not preclude dual punishment. (*People* v. *Rodriguez, supra,* at p. 519.) (For a similar analysis regarding section 667 and section 12022.1, see *People* v. *Melchor* (1989) 211 Cal.App.3d 1485, 1487-1490 [260 Cal.Rptr. 174].)

In our opinion *People* v. *Bruno, supra,* 191 Cal.App.3d 1102 contains a more developed analysis and better reasoning than the earlier case of *People* v. *Ancira, supra,* 164 Cal.App.3d 378. Accordingly, we find no violation of section 654 in the use of defendant's prior burglary conviction as a basis for escalating his petty thefts from misdemeanors to felonies and in enhancing his sentence under section 667.5, subdivision (b).

## II.

### *The Enhancement Under Section 12022.1 Did Not Violate the Prohibition Against Ex Post Facto Laws*

As previously set forth, after being charged with counts I and II in the original information, defendant was released on his own recognizance. On August 15, 1985, he failed to appear for his trial confirmation and a bench

---

[2] Section 654 provides in pertinent part, that "An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one; . . ."

warrant was issued. He was not arrested until March 3, 1989. Based on this new arrest, an enhancement pursuant to section 12022.1 was added to the new count.

At the time of the issuance of the bench warrant, section 12022.1 provided in pertinent part: "Any person convicted of a felony offense which was committed while that person was released from custody on bail or on his or her own recognizance pending trial on an earlier felony offense shall, upon conviction of the later felony offense, be subject to a penalty enhancement . . . ."

Section 12022.1 was substantially amended and became effective in late 1985, after the arrest warrant was issued for defendant. Pertinent to this appeal is subdivision (a)(1), which now provides: " 'Primary offense' means a felony offense for which a person has been released from custody on bail or on his or her own recognizance prior to the judgment becoming final, including the disposition of any appeal, *or for which release on bail or his or her own recognizance has been revoked.*" (Italics added.)

■ Defendant contends that section 12022.1 as it was written when his honor release was revoked is the applicable section. He argues that application of the new section would violate the constitutional prohibition against ex post facto laws. It follows, defendant asserts, that because he was not on his own recognizance when the March 3, 1989, offense occurred, the section 12022.1 enhancement is not applicable to him.

Defendant's argument must fail for two reasons. First, in *People* v. *Rodrigue* (1986) 187 Cal.App.3d 828 [232 Cal.Rptr. 187] the defendant argued that former section 12022.1 did not apply to him because his bail had been revoked on the pending case when the new felony occurred. The appellate court rejected this argument.

"The purpose of former section 12022.1 'is to deter, by punishing, those persons released on bail or on their own recognizance from committing new felonies while awaiting trial court judgment on the felony charge.' [Citations.] It is difficult to see how this statutory purpose would be furthered by the adoption of a distinction between those who honor their bail agreements and fugitives, particularly if the distinction rewards the fugitives. Not only would it not deter the commission of new felonies, it would encourage bail jumping. Appellant's argument is inconsistent with the legislative intent and is rejected." (187 Cal.App.3d at pp. 832-833.)

More importantly, the application of the new section 12022.1 would not be a violation of the prohibition against ex post facto laws. Article I, section

9 of the California Constitution and article I, section 10 of the United States Constitution prohibit ex post facto laws.

In *Beazell* v. *Ohio* (1925) 269 U.S. 167 [70 L.Ed. 216, 46 S.Ct. 68], the United States Supreme Court set forth the principles applicable to the prohibition against ex post facto laws.

"It is settled, by decisions of this Court so well known that their citation may be dispensed with, that any statute which punishes as a crime an act previously committed, which was innocent when done; which makes more burdensome the punishment for a crime, after its commission, or which deprives one charged with crime of any defense available according to law at the time when the act was committed, is prohibited as *ex post facto*. The constitutional prohibition and the judicial interpretation of it rest upon the notion that laws, whatever their form, which purport to make innocent acts criminal after the event, or to aggravate an offense, are harsh and oppressive, and that the criminal quality attributable to an act, either by the legal definition of the offense or by the nature or amount of the punishment imposed for its commission, should not be altered by legislative enactment, after the fact, to the disadvantage of the accused." (*Beazell* v. *Ohio, supra*, 269 U.S. at pp. 169-170 [70 L.Ed. at pp. 217-218].)

The act of burglarizing Sears, which triggered the application of section 12022.1 to defendant here, occurred long after the effective date of the new statute. "The legislative intent of section 12022.1 was to punish recidivists with additional penalties. The increased penalties . . . are due to [defendant's] status *as a repeat offender* and arise as an incident of the subsequent offense." (*People* v. *Warinner* (1988) 200 Cal.App.3d 1352, 1356 [247 Cal.Rptr. 197].) The act here was not, as defendant contends, that a bench warrant issued for him in 1985 revoking his release on his own recognizance. The act was committing a new felony while released.

This analysis is similar to the analysis found in cases involving enhancements for prior convictions when a new felony is found and the prior conviction occurred prior to the effective date of the enhancement statute.

" '[I]ncreased penalties for subsequent offenses are attributable to the defendant's status as a repeat offender and arise as an incident of the subsequent offense rather than constituting a penalty for the prior offense . . . .' [Citation.] For this reason statutes imposing such penalties are not ex post facto laws. [Citation.]

"At the time appellant committed his post-Proposition 8 offense, section 667 was in full force and effect and apprised him of the possible conse-

quences of his antisocial behavior. Application of section 667 enhancements to these offenses does not fall into any of the four categories of ex post facto laws: it does not (a) make criminal an action innocent when done; (b) make more serious an act already criminal when done; (c) inflict greater punishment than attending the act at the time it was committed; or (d) permit defendant to be convicted with less evidence than was required when the act was done. [Citation.]

" 'A statute is not retroactive in operation merely because it draws upon facts antecedent to its enactment for its operation. [Citation.]' " (*People* v. *Weaver* (1984) 161 Cal.App.3d 119, 124-125 [207 Cal.Rptr. 419].)

The section 12022.1 enhancement was properly applied.

## III.

*The Court's Failure to State Reasons for the Consecutive Sentence on Count II Requires That Defendant Be Resentenced\**

. . . . . . . . . . . . . . . . . . . . . .

## IV.

*There Was No Violation of the Double-the-base-term Limitation of Section 1170.1, Subdivision (g)*

Section 1170.1, subdivision (g) provides: "The term of imprisonment shall not exceed twice the number of years imposed by the trial court as the base term pursuant to subdivision (b) of Section 1170 unless the defendant stands convicted of a 'violent felony' as defined in subdivision (c) of Section 667.5, or a consecutive sentence is being imposed pursuant to subdivision (b) or (c) of this section, or an enhancement is imposed pursuant to Section 667, 667.8, 667.85, 12022, 12022.2, 12022.4, 12022.5, 12022.55, 12022.6, 12022.7, 12022.75, or 12022.9, or an enhancement is being imposed pursuant to Section 11370.2, 11370.4, or 11379.8 of the Health and Safety Code, or the defendant stands convicted of felony escape from an institution in which he or she is lawfully confined."

■ In his opening brief defendant argued that his sentence violated the double-the-base-term limitation.

---

\* See footnote, *ante*, page 506.

After the filing of defendant's opening brief and prior to the filing of respondent's brief, the California Supreme Court held that the double-the-base-term limitation does not apply to section 667.5, subdivision (b) enhancements. (*People* v. *Prather* (1990) 50 Cal.3d 428 [267 Cal.Rptr. 605, 787 P.2d 1012].)

Respondent appropriately cites *Prather* regarding the section 667.5, subdivision (b) enhancements. Respondent then argues that section 12022.1 enhancements are also exempt from the double-the-base-term limitation. Respondent contends that the clear language of section 12022.1 illustrates that these enhancements were meant to be exempt.

In his reply brief, defendant concedes the argument as to the section 667.5, subdivision (b) enhancements. Defendant, however, argues that *Prather* has no bearing on the question regarding section 12022.1 enhancements. Defendant disagrees with respondent's assertion that the language of section 12022.1 mandates its exclusion from the double-the-base-term limitation of section 1170.1, subdivision (g).

Article I, section 28, subdivision (f) of the California Constitution was added by initiative (Prop. 8—the Victim's Bill of Rights) by the California voters in June of 1982. Subdivision (f) provides in pertinent part that "Any prior felony conviction of any person in any criminal proceeding . . . shall subsequently be used without limitation for purposes of . . . enhancement of sentence in any criminal proceeding."

In *People* v. *Prather, supra,* 50 Cal.3d 428 the court found that the general concern of Proposition 8 was for increased punishment and effective deterrence of criminals. This concern "was to be furthered in part by increasing the total period of imprisonment for recidivist offenders." (*Id*. at p. 435.) The Supreme Court stated the legislative history of Proposition 8 supports the view that section 667.5, subdivision (b) sentence enhancements were to be exempt from application of section 1170.1, subdivision (g). The Supreme Court agreed that article I, section 28, subdivision (f) of the California Constitution: " 'was an unambiguous expression of the electorate's intent to supersede the twice the base term rule as it applied to [prior felony] enhancements.' Both the language and history of article I, section 28, subdivision (f), suggest it was intended not only to increase the length of sentences served by recidivist offenders *generally*, but also *specifically* to abrogate (with respect to prior-felony-conviction enhancements) statutory 'limitations on overall length of sentences.' Section 1170.1(g) provides such a 'limitation': It expressly precludes application of an otherwise valid prior felony sentence enhancement *solely because it would extend the total length*

*of incarceration beyond certain specified limits.*" (*People* v. *Prather, supra,* 50 Cal.3d 428, 436, brackets and italics in original.)

The *Prather* court noted that article I, section 28, subdivision (f) of the California Constitution was not without ambiguity and declined to announce a "definitive interpretation of 'without limitation.' " (*Prather, supra,* 50 Cal.3d 428, 437-438.) The court did discuss "the essential features that a 'common-sense construction' of these terms should address." (*Id.* at p. 438.)

Finally, the court rejected defendant's contention that although article I, section 28 of the California Constitution bars application of section 1170.1, subdivision (g) to enhancements based on prior felony convictions, it does not bar application of the double-the-base-term limitation to enhancements for prior prison terms. The court found that the term "prior felony convictions" should be interpreted liberally and on broad general lines that will accomplish the purpose of the provision. The purpose here is "to provide increased terms of imprisonment for recidivist felony offenders." (*People* v. *Prather, supra,* 50 Cal.3d 428, 439-440.)

"Section 667.5(b) provides that 'where the new offense is any felony for which a prison sentence is imposed, in addition and consecutive to any other prison terms therefor, the court shall impose a one-year term for each prior separate prison term served *for any felony.*' (Italics added.) We think it clear that section 667.5(b) is aimed primarily at the underlying felony conviction, and only secondarily, and as an indicium of the felony's seriousness, at the prior prison term. That is, we believe section 667.5(b), fairly read, merely provides a special sentence enhancement for that particular *subset* of 'prior felony convictions' that were deemed serious enough by earlier sentencing courts to warrant actual imprisonment. (See, e.g., *People* v. *Hurley* (1983) 144 Cal.App.3d 706, 713 . . . ['a prior prison term (as defined in § 667.5) enhances the sentence of a person who commits [a felony] serious enough to warrant imprisonment']; *People* v. *Gaines* (1980) 112 Cal.App.3d 508, 515 . . . [section 667.5 addresses itself to that class of prior felonies which have warranted imprisonment'].) Accordingly, we hold that the broad mandate of article I, section 28, subdivision (f), concerning the use of 'any prior felony convictions' for enhancement purposes, necessarily includes the lesser category of enhancements based on prior felony convictions for which imprisonment was imposed." (*People* v. *Prather, supra,* 50 Cal.3d 428, 440, brackets in original.)

It is our opinion that the just quoted analysis in *Prather* answers the question presented here.

Section 12022.1 provides:

"(a) For the purposes of this section only:

"(1) 'Primary offense' means a felony offense for which a person has been released from custody on bail or on his or her own recognizance prior to the judgment becoming final, including the disposition of any appeal, or for which release on bail or his or her own recognizance has been revoked.

"(2) 'Secondary offense' means a felony offense alleged to have been committed while the person is released from custody for a primary offense.

"(b) Any person arrested for a secondary offense which was alleged to have been committed while that person was released from custody on a primary offense shall be subject to a penalty enhancement of an additional two years in state prison which shall be served consecutive to any other term imposed by the court.

"(c) The enhancement allegation provided in subdivision (b) shall be pleaded in the information or indictment which alleges the secondary offense and shall be proved as provided by law. The enhancement allegation may be pleaded in a complaint but need not be proved at the preliminary hearing for the secondary offense.

"(d) Whenever there is a conviction for the secondary offense and the enhancement is proved, and the person is sentenced on the secondary offense prior to the conviction of the primary offense, the imposition of the enhancement shall be stayed pending imposition of the sentence for the primary offense. The stay shall be lifted by the court hearing the primary offense at the time of sentencing for that offense and shall be recorded in the abstract of judgment. If the person is acquitted of the primary offense the stay shall be permanent.

"(e) If the person is convicted of a felony for the primary offense, is sentenced to state prison for the primary offense, and is convicted of a felony for the secondary offense, any state prison sentence for the secondary offense shall be consecutive to the primary sentence.

"(f) If the person is convicted of a felony for the primary offense, is granted probation for the primary offense, and is convicted of a felony for the secondary offense, any state prison sentence for the secondary offense shall be enhanced as provided in subdivision (b).

"(g) If the primary offense conviction is reversed on appeal, the enhancement shall be suspended pending retrial of that felony. Upon retrial and

reconviction, the enhancement shall be reimposed. If the person is no longer in custody for the secondary offense upon reconviction of the primary offense, the court may, at its discretion, reimpose the enhancement and order him or her recommitted to custody."

In *People* v. *Tassell* (1984) 36 Cal.3d 77, 90 [201 Cal.Rptr. 567, 679 P.2d 1], the Supreme Court stated: "Section 1170.1 refers to two kinds of enhancements: (1) those which go to the nature of the offender; and (2) those which go to the nature of the offense. Enhancements for prior convictions—authorized by sections 667.5, 667.6 and 12022.1—are of the first sort . . . ."

The Supreme Court's characterization of section 12022.1 as providing an enhancement for prior convictions is something more than dictum. Although section 12022.1 comes into play before there is a prior felony conviction, it has no life until and unless the primary offense is a final felony conviction. Furthermore, the purpose of section 12022.1, to punish recidivists with additional penalties (*People* v. *Warinner, supra*, 200 Cal.App.3d 1352, 1356), comports with the purpose behind article I, section 28, subdivision (f) of the California Constitution. Thus, a section 12022.1 enhancement is an enhancement based on a prior felony conviction, as that term is broadly and liberally construed, and is not subject to the double-the-base-term limitation of section 1170.1, subdivision (g).

Because the above analysis is dispositive of the question, we do not address the issue in terms of the plain meaning of section 12022.1 as argued by defendant and respondent.

### DISPOSITION

The judgment is reversed and remanded to the trial court for resentencing in accordance with the provisions of part III of this opinion. In all other respects the judgment is affirmed.

Martin, Acting P. J., concurred.

**ARDAIZ, J.,** Concurring and Dissenting.—I concur in parts I, II, and III of the majority opinion. I respectfully dissent from the reasoning and con-

clusion of part IV, i.e., that a Penal Code section 12022.1[1] "on bail" enhancement is exempt from section 1170.1, subdivision (g)'s double-the-base-term limitation.

Preliminarily, a brief review of section 1170.1, subdivision (g) clearly reveals that the Legislature did not *explicitly* exempt "on bail" enhancements from the operation of the double-the-base-term limitation.[2] the major-The conclusion of the majority rests solely upon the theory that the provisions of California Constitution article I, section 28, subdivision (f) (hereafter article I, section 28(f)) supersede any statutory restriction for prior felony convictions and that the "on bail" enhancement of section 12022.1 is, in essence, a "prior felony conviction" enhancement for purposes of analysis of the applicability of the double-the-base-term limitation. Consequently, this is the only argument I need consider.

The gist of the majority's argument is that since the conviction and imposition of sentence for the "primary offense" (§ 12022.1) must take place "prior" to the implementation of punishment for the "on bail" enhancement, the enhancement is a form of "prior felony conviction." In support of this argument, the majority relies upon our Supreme Court's recent decision in *People* v. *Prather* (1990) 50 Cal.3d 428 [267 Cal.Rptr. 605, 787 P.2d 1012]. For reasons to be stated, the premise is incorrect.

Enacted in 1982 as part of Proposition 8, article I, section 28(f), provides: "Any prior felony conviction of any person in any criminal proceeding, whether adult or juvenile, shall be used without limitation for purposes of impeachment or enhancement of sentence in any criminal proceeding. When a prior felony conviction is an element of any felony offense, it shall be proven to the trier of fact in open court." In *People* v. *Prather, supra*, 50 Cal.3d 428, 440, our Supreme Court held that article I, section 28(f) bars application of the double-the-base-term limitation to section 667.5, subdivision (b) "prior prison term" enhancements.

The court rejected the argument that a prior prison term enhancement is not based on a prior felony *conviction* within the meaning of article I, section 28(f). This "hypertechnical reading of Proposition 8 . . . ignores the underlying purposes of both that provision and section 667.5(b), namely, to

---

[1] All statutory references are to the Penal Code unless otherwise indicated.

[2] While another court has concluded the Legislature's failure to specifically exempt section 12022.1 from the double-the-base-term limitation of section 1170.1 was not a drafting oversight (*People* v. *Weatheroy* ■ (Cal.App.), the majority opinion does not address this issue.

provide increased terms of imprisonment for recidivist felony offenders. [Citations.]" (*People* v. *Prather, supra*, 50 Cal.3d at pp. 439-440.) The court reasoned: "We think it clear that section 667.5(b) is aimed primarily at the underlying felony conviction, and only secondarily, and as an indicium of the felony's seriousness, at the prior prison term. That is, we believe section 667.5(b), fairly read, merely provides a special sentence enhancement for that particular *subset* of 'prior felony convictions' that were deemed serious enough by earlier sentencing courts to warrant actual imprisonment . . . . Accordingly, we hold that the broad mandate of article I, section 28, subdivision (f), concerning the use of 'any prior felony convictions' for enhancement purposes, necessarily includes the lesser category of enhancements based on prior felony convictions for which imprisonment was imposed." (*Id.* at p. 440, italics in original.)

In *People* v. *Shivers* (1986) 181 Cal.App.3d 847 [226 Cal.Rptr. 293], we held that section 667.5, subdivision (b) did not authorize an enhancement of sentence where the "prior prison term" was for a crime committed after the crime for which the defendant was presently being sentenced. Noting that the legislative purpose of enhancement for prior convictions was to deter recidivism, we found that "[t]he purpose of deterring recidivism would not be effectuated by enhancing a present offense by an offense not yet committed." (*Id.*, at p. 850.)

In *People* v. *Rojas* (1988) 206 Cal.App.3d 795 [253 Cal.Rptr. 786], the court reached a similar result in construing section 667, subdivision (a), itself a part of Proposition 8. That statute provides a five-year enhancement for "any person convicted of a serious felony who previously has been convicted of a serious felony." The court held "that, to be subject to the five-year enhancement pursuant to section 667, subdivision (a), a defendant's prior serious felony conviction must have occurred before the commission of the present offense." (*Id.*, at p. 802.) Relying in part on *People* v. *Shivers, supra*, 181 Cal.App.3d 847, the court reasoned: "Similarly here, the purpose of deterring recidivism would not be furthered by imposing enhanced punishment on a person who was not previously convicted of a serious felony before the commission of the present offense." (*People* v. *Rojas, supra*, 206 Cal.App.3d at p. 801.)

*Rojas* also relied on *People* v. *Balderas* (1985) 41 Cal.3d 144 [222 Cal.Rptr. 184, 711 P.2d 480], where our Supreme Court held: "We find merit in defendant's contention that the 'prior felony conviction[s]' described in subdivision (c) of section 190.3 are limited to those entered *before commission* of the capital crime. California courts have consistently so

interpreted statutes which call for harsher penal treatment on the basis of 'prior convictions.' [Citations.] The presumed rationale of such laws is that an offender undeterred by his *prior brushes with the law* deserves more severe criminal treatment. [Citation.]" (*Id.* at p. 201, italics in original.) Or as stated in *Rojas*, "it is difficult to envision how one can 'relapse' into criminal behavior within the meaning of an habitual criminal statute before one's prior conduct has been adjudicated as criminal and resulted in punishment." (*People* v. *Rojas, supra*, 206 Cal.App.3d at p. 799.)

As these authorities make clear, the distinguishing feature of an enhancement *based on a prior conviction* is that the defendant receives greater punishment for committing a new offense after his conviction of the earlier offense. The "on bail" enhancement authorized by section 12022.1 operates in an entirely different manner. The defendant receives greater punishment not because his new felony, the "secondary offense," followed his conviction of an earlier felony, the "primary offense." Rather, he receives greater punishment because his new felony followed his release from custody on the earlier crime. While the *fact* of ultimate conviction on the primary offense is a precondition to imposition of the two-year enhancement, the *timing* of the conviction is entirely irrelevant. Section 12022.1 expressly addresses, inter alia, the situation where conviction and sentencing on the secondary offense precede conviction on the primary offense. (§ 12022.1, subd.(2)(d).)

The elements of the "on bail" enhancement are that the person was released from custody on a primary offense and committed a secondary offense while at liberty. A conviction for the primary offense is not an element of the "on bail" enhancement. While a felony conviction and sentence must precede, i.e., occur "prior to" actual imposition of the "on bail" enhancement penalty, this fact does not mean the enhancement is based on a prior felony conviction. Rather, imposition of punishment for the enhancement requires a felony conviction and imposition of sentence for the primary offense. While the conviction and imposition of punishment for the primary offense must take place "prior" to the imposition of punishment for the enhancement, this condition precedent to punishment does not render the enhancement a prior felony conviction.[3] A petition for review filed A true finding does not require that the defendant has suffered a prior felony conviction. The majority uses the word "prior" in a literal sense blind to its conventional use.

The majority's reliance on *People* v. *Warinner* (1988) 200 Cal.App.3d 1352 [247 Cal.Rptr. 197] is misplaced. *Warinner* states: "The legislative

---

[3] The same conclusion was reached in *People* v. *Weatheroy* ■ (Cal.App.). A petition for review filed September 5, 1990, in *Weatheroy* is pending.

intent of section 12022.1 was to punish recidivists with additional penalties. The increased penalties here are due to Warinner's status *as a repeat offender* and arise as an incident of the subsequent offense. [Citation.]" (*Id.,* at p. 1356, italics in original.) While article I, section 28(f), also seeks to punish recidivism, it does not follow that section 12022.1's "on bail" enhancement is based on prior felony convictions. The statutes deal with two different types of recidivists. Section 12022.1 punishes a person who commits a new felony while released from custody on an earlier felony of which he ultimately is convicted; enhancements based on prior felony convictions punish persons who commit new crimes only after conviction of earlier felonies.

The majority also relies upon language in *People* v. *Tassell* (1984) 36 Cal.3d 77, 90 [201 Cal.Rptr. 567, 679 P.2d 1], wherein our Supreme Court cited to section 12022.1 as an example of the category of enhancements for "prior convictions" listed in section 1170.1 that go to the nature or status of the offender, as opposed to another class of enhancements which go to the nature of the offense.[4] This discussion was in the context of an opinion holding that priors that go to the nature of the offender, to wit, the priors pleaded and proven in *Tassell* under sections 667.5, subdivision (b) and 667.6, subdivision (a), do not attach to a particular count and therefore can only be used once as a component of an aggregate term. The majority's statement that this characterization of section 12022.1 "is something more than dictum" is not persuasive. The passing reference to section 12022.1, taken in context, was illustrative of a category of enhancements which plainly go to the specific nature of the offender. *Tassell* did not discuss whether, nor did it hold that, enhancements imposed pursuant to section 12022.1 are enhancements based on prior felony convictions.

In sum, the majority's premise that the "on bail" enhancement is based on "prior felony convictions" rests on an unprecedented, unsupportable interpretation of this term of art that flies in the face of long-accepted usage. "[W]here the language of a statute uses terms that have been judicially construed, a strong presumption exists that the terms have been used in the precise manner which the courts have placed upon them. This principle also

---

[4] "Section 1170.1 refers to two kinds of enhancements: (1) those which go to the nature of the offender; and (2) those which go to the nature of the offense. Enhancements for prior convictions—authorized by sections 667.5, 667.6 and 12022.1—are of the first sort. The second kind of enhancements—those which arise from the circumstances of the crime—are typified by sections 12022.5 and 12022.7: was a firearm used or was great bodily injury inflicted? Enhancements of the second kind enhance the several counts; those of the first kind, by contrast, have nothing to do with particular counts but, since they are related to the offender, are added only once as a step in arriving at the aggregate sentence." (*People* v. *Tassell, supra,* 36 Cal.3d at p. 90.)

applies to legislation added by initiative, . . ." (*People* v. *Rojas, supra,* 206 Cal.App.3d at p. 799.) Indeed, the materials placed before the voters when they enacted Proposition 8 referred to convictions that existed in the past, before the new criminal conduct occurred. (See *People* v. *Prather, supra,* 50 Cal.3d at p. 436.) For these reasons, I dissent.

Appellant's petition for review by the Supreme Court was denied January 4, 1991.