[No. H029672. Sixth Dist. Nov. 28, 2006.]

THE PEOPLE, Plaintiff and Respondent, v.
TIMOTHY DESMOND MILLER, Defendant and Appellant.

COUNSEL

Lori Quick, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Seth K. Schalit and Arthur P. Beever, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**BAMATTRE-MANOUKIAN, Acting P. J.—**

## I. INTRODUCTION

Defendant Timothy Desmond Miller entered into a negotiated plea agreement in which he pleaded no contest to one felony count in each of three drug offense cases in exchange for an aggregate sentence of either six years or six years eight months. The length of the aggregate term was to be determined by the trial court at the time of sentencing. The trial court chose the longer aggregate sentence of six years eight months pursuant to Penal Code section 1170.1.

█ On appeal, defendant contends that the trial court failed to exercise its sentencing discretion because the court erroneously determined that the longer aggregate sentence of six years eight months was required under Penal Code section 1170.1.[1] For reasons that we will explain, we find that defendant's contention has merit and therefore we will reverse the judgment and remand the matter to allow the trial court to exercise its discretion under Penal Code section 1170.1.

## II. BACKGROUND

The factual circumstances of defendant's offenses are not reflected in the record on appeal. Defendant entered into a negotiated plea agreement that included a waiver of his right to a preliminary hearing and a waiver of his right to a jury trial. Defendant also waived referral to the probation department for a complete probation report. Additionally, both counsel stipulated there was a factual basis for defendant's plea. As the factual circumstances are not relevant in the present appeal, we will begin our review with a

---

[1] Penal Code section 1170.1, subdivision (a) provides, "Except as otherwise provided by law, and subject to Section 654, when any person is convicted of two or more felonies, whether in the same proceeding or court or in different proceedings or courts, and whether by judgment rendered by the same or by a different court, and a consecutive term of imprisonment is imposed under Sections 669 and 1170, the aggregate term of imprisonment for all these convictions shall be the sum of the principal term, the subordinate term, and any additional term imposed for applicable enhancements for prior convictions, prior prison terms, and Section 12022.1. The principal term shall consist of the greatest term of imprisonment imposed by the court for any of the crimes, including any term imposed for applicable specific enhancements. The subordinate term for each consecutive offense shall consist of one-third of the middle term of imprisonment prescribed for each other felony conviction for which a consecutive term of imprisonment is imposed, and shall include one-third of the term imposed for any specific enhancements applicable to those subordinate offenses."

summary of the procedural history pertinent to defendant's claim of sentencing error.

### A. *The Felony Complaints*

Defendant was charged with drug offenses in three different felony complaints, in case Nos. BB410053, BB410531, and BB513127. Counsel for both parties stipulated the felony complaints would be deemed to be informations for purposes of sentencing.

#### *Case No. BB410053*

The felony complaint in case No. BB410053 was filed in September 2004. Defendant was charged with possession for sale of methamphetamine (Health & Saf. Code, § 11378; count 2) and transportation of methamphetamine (Health & Saf. Code, § 11379, subd. (a); count 3).[2] The complaint also alleged a prior strike conviction of burglary (Pen. Code, §§ 459, 460, subd. (a), 667, subds. (b)–(i), 1170.12).

#### *Case No. BB410531*

The felony complaint in case No. BB410531 was filed in October 2004. Defendant was charged with possession for sale of marijuana (Health & Saf. Code, § 11359; count 1) and transportation of marijuana (Health & Saf. Code, § 11360, subd. (a); count 2). The complaint also alleged a prior strike conviction of burglary (Pen. Code, §§ 459, 460, subd. (a), 667, subds. (b)–(i), 1170.12) and an on-bail enhancement (the offenses charged in counts 1 and 2 were committed while defendant was out of custody on bail on a felony, transportation of a controlled substance, Health & Saf. Code, § 11379; Pen. Code, § 12022.1).

#### *Case No. BB513127*

The felony complaint in case No. BB513127 was filed in March 2005. Defendant was charged with sale of methamphetamine (Health & Saf. Code, § 11379, subd. (a); count 1). The complaint also alleged a prior strike conviction of burglary (Pen. Code, §§ 459, 460, subd. (a), 667, subds. (b)–(i), 1170.12) and an on-bail enhancement (the offense charged in count 1 was

---

[2] Count 1 was alleged only as to the codefendant.

committed while defendant was out of custody on bail on a felony, transportation of a controlled substance, Health & Saf. Code, § 11379; Pen. Code, § 12022.1).

### B. *The Plea Agreement*

On June 21, 2005, defendant entered into a negotiated plea agreement that disposed of all three felony complaints.

In case No. BB410053, defendant pleaded no contest to count 2, possession for sale of methamphetamine (Health & Saf. Code, § 11378), and admitted the prior strike conviction, in exchange for a consecutive sentence of 16 months and dismissal of count 3 (transportation of methamphetamine, Health & Saf. Code, § 11379, subd. (a)).

In case No. BB410531, defendant pleaded no contest to count 1, possession for sale of marijuana (Health & Saf. Code, § 11359), and admitted the prior strike conviction and the on-bail enhancement, in exchange for a sentence of either 32 months or 16 months, consecutive, and dismissal of count 2 (transportation of marijuana, Health & Saf. Code, § 11360, subd. (a)).

In case No. BB513127, defendant pleaded no contest to count 1, sale of methamphetamine (Health & Saf. Code, § 11379, subd. (a)), and admitted the prior strike conviction and the on-bail enhancement, in exchange for a sentence of either four years top/bottom or a consecutive sentence of two years.

Defendant also agreed to an aggregate sentence of either six years or six years eight months. The parties further agreed that the determination of whether his aggregate sentence would be six years or six years eight months would be made by the trial court after hearing argument at the sentencing hearing.

### C. *Sentencing*

At the sentencing hearing held on October 13, 2005, the trial court imposed an aggregate sentence of six years eight months, structured as follows.

In case No. BB513127, the trial court imposed a prison term of four years (double the mitigated term of two years; Health & Saf. Code, § 11379,

subd. (a); Pen. Code, § 1170.12, subd. (c)(1)), and designated the four-year term as the principal term pursuant to Penal Code section 1170.1.

In case No. BB410531, the trial court imposed a consecutive term of 16 months (one-third the middle term of two years, doubled; Health & Saf. Code, § 11359; Pen. Code, §§ 1170.12, subd. (c)(1), 1170.1).

In case No. BB410053, the trial court imposed a consecutive term of 16 months (one-third the middle term of two years, doubled; Health & Saf. Code, § 11378; Pen. Code, §§ 1170.12, subd. (c)(1), 1170.1).

In each of the three cases, the trial court struck the on-bail enhancement (Pen. Code, § 12022.1) pursuant to the negotiated plea agreement. In case No. BB410053 the trial court dismissed count 3 (transportation of methamphetamine, Health & Saf. Code, § 11379, subd. (a)). In case No. BB410531, the trial court dismissed count 2 (transportation of marijuana, Health & Saf. Code, § 11360, subd. (a)).

Defendant filed a timely notice of appeal in each case, claiming sentencing error. He did not obtain a certificate of probable cause. (Pen. Code, § 1237.5, subd. (b).)

### III. DISCUSSION

A. *Appealability*

As a threshold matter, we address the issue of appealability because defendant has appealed from a judgment upon a plea of no contest without obtaining a certificate of probable cause. Since " 'the question of appealability goes to our jurisdiction, we are dutybound to consider it on our own motion.' [Citation.]" (*Nguyen v. Calhoun* (2003) 105 Cal.App.4th 428, 436 [129 Cal.Rptr.2d 436].) Based on the record of defendant's plea, we find that defendant's plea agreement left open for resolution by litigation the issue of whether the trial court had discretion under Penal Code section 1170.1 to sentence defendant to an aggregate sentence of six years. Accordingly, under *People v. Buttram* (2003) 30 Cal.4th 773, 783 [134 Cal.Rptr.2d 571, 69 P.3d 420], defendant's claim of sentencing error does not constitute an attack upon the validity of the plea, and defendant was not required to obtain a certificate

of probable cause pursuant to Penal Code section 1237.5. Therefore, we will decide the appeal on the merits.

### B.   *Penal Code Section 1170.1*

Defendant contends that the trial court misunderstood the scope of its discretion under Penal Code section 1170.1 and therefore the judgment should be reversed and the matter remanded for resentencing. According to defendant, the trial court erred when the court sentenced him to the longer aggregate sentence of six years eight months based on the erroneous belief that Penal Code section 1170.1 requires imposition of the longer aggregate sentence. Our analysis therefore depends upon the correct interpretation of Penal Code section 1170.1 and its application under the circumstances of this case.

"[Penal Code] [s]ection 1170.1 provides the general formula for determining consecutive terms of imprisonment for persons convicted of two or more felonies." (*People v. Pelayo* (1999) 69 Cal.App.4th 115, 123 [81 Cal.Rptr.2d 373].) Subdivision (a) of section 1170.1 provides, "Except as otherwise provided by law, and subject to Section 654, when any person is convicted of two or more felonies, whether in the same proceeding or court or in different proceedings or courts, and whether by judgment rendered by the same or by a different court, and a consecutive term of imprisonment is imposed under Sections 669 and 1170, the aggregate term of imprisonment for all these convictions shall be the sum of the principal term, the subordinate term, and any additional term imposed for applicable enhancements for prior convictions, prior prison terms, and Section 12022.1. The principal term shall consist of the greatest term of imprisonment imposed by the court for any of the crimes, including any term imposed for applicable specific enhancements. The subordinate term for each consecutive offense shall consist of one-third of the middle term of imprisonment prescribed for each other felony conviction for which a consecutive term of imprisonment is imposed, and shall include one-third of the term imposed for any specific enhancements applicable to those subordinate offenses."

Thus, as the California Supreme Court has explained, "if a defendant is convicted of more than one offense carrying a determinate term, and the trial court imposes consecutive sentences, the term with the longest sentence is the 'principal term'; any term consecutive to the principal term is a 'subordinate term.' (§ 1170.1, subd. (a).)" (*People v. Felix* (2000) 22 Cal.4th 651, 655 [94 Cal.Rptr.2d 54, 995 P.2d 186].) "The court imposes the full term, either lower, middle, or upper, for the principal term." (*Ibid.*) "How-

ever, in general (there are exceptions), the court imposes only 'one-third of the middle term' for subordinate terms. [Citation.]" (*Ibid.*)

■    Where, as here, the defendant has one prior strike conviction, the "Three Strikes" law (Pen. Code, §§ 667, subds. (b)–(i), 1170.12) requires the sentencing court to "designate principal and subordinate terms as required by section 1170.1, calculating the subordinate terms as one-third of the middle term (except when full-term consecutive sentences are otherwise permitted or required), and then double each of the resulting terms." (*People v. Nguyen* (1999) 21 Cal.4th 197, 203–204 [87 Cal.Rptr.2d 198, 980 P.2d 905].)

### C.  Analysis

At the sentencing hearing in the present case, defendant argued that the language of Penal Code section 1170.1, subdivision (a), was broad enough that it did not require the trial court to designate as the principal term the four-year term in case No. BB513127 on count 1 (sale of methamphetamine; Health & Saf. Code, § 11379, subd. (a)).

The trial court disagreed, stating, "It has always been my belief and understanding that if these counts were to arise from the same complaint, I didn't have that choice[,] that I had to make the highest triad the principal term, and I don't know why that would be different because we have 3 different dockets as opposed to these charges all in one docket, and I don't believe I have the authority to do as you're asking me to do, but for that belief then I would be happy to sentence him to the six years, but I don't think I have that authority. I don't think that is the way the statutes are interpreted."

On appeal, defendant contends that trial court's error in interpreting Penal Code section 1170.1 caused the court to fail to exercise its discretion and consequently to impose, then select as the principal term, the four-year term on count 1 in case No. BB513127 (sale of methamphetamine; Health & Saf. Code, § 11379, subd. (a)) because that term arose from the highest sentencing triad available under defendant's plea agreement (the Health & Saf. Code, § 11379, subd. (a), triad of two, three or four years). According to defendant, "the court may choose *any* of the crimes in setting the principal term," provided that the sentence imposed on that crime is "greater than one-third the midterm of each of the remaining offenses."

On that basis, defendant explains that the six-year aggregate sentence could be lawfully structured under Penal Code section 1170.1 because, pursuant to

his plea agreement, the trial court could impose a term of two years eight months (double the mitigated term of 16 months) on count 1 (possession for sale of marijuana; Health & Saf. Code, § 11359) in case No. BB410531 and designate that term as the principal term. The plea agreement, defendant further explains, would also allow the trial court to impose a consecutive two-year term (one-third the middle term, doubled) in case No. BB513127 on count 1 (sale of methamphetamine; Health & Saf. Code, § 11379, subd. (a)) and a consecutive 16-month term (one-third the middle term, doubled) in case No. BB410053 on count 2 (possession for sale of methamphetamine; Health & Saf. Code, § 11378), for an aggregate sentence of six years.

The People respond that Penal Code section 1170.1 requires the trial court to designate as the principal term the four-year term in case No. BB513127 on count 1 (sale of methamphetamine; Health & Saf. Code, § 11379, subd. (a)) because that was " 'the greatest term of imprisonment imposed' among [defendant's] cases."

■    To determine the correct interpretation of Penal Code section 1170.1, we apply well-established rules of statutory construction. " 'In construing a statute, our task is to ascertain the intent of the Legislature so as to effectuate the purpose of the enactment. [Citation.] We look first to the words of the statute, which are the most reliable indications of the Legislature's intent. [Citation.] We construe the words of a statute in context, and harmonize the various parts of an enactment by considering the provision at issue in the context of the statutory framework as a whole. [Citations.]' [Citation]." (*People v. Cottle* (2006) 39 Cal.4th 246, 254 [46 Cal.Rptr.3d 86, 138 P.3d 230].) However, " '[i]f there is no ambiguity in the language of the statute, "then the Legislature is presumed to have meant what it said, and the plain meaning of the language governs." [Citation.]' " (*People v. Coronado* (1995) 12 Cal.4th 145, 151 [48 Cal.Rptr.2d 77, 906 P.2d 1232].)

■    Applying the plain meaning rule, we find the following language in Penal Code section 1170.1 provides the trial court with the sentencing discretion advocated by defendant. In pertinent part, subdivision (a) of section 1170.1 of the Penal Code provides, "The principal term shall consist of the greatest term of imprisonment *imposed by the court* for any of the crimes, including any term imposed for applicable specific enhancements." (Italics added.) We emphasize the phrase "imposed by the court" because that phrase is the key to our interpretation. In our view, Penal Code section 1170.1, subdivision (a), plainly and unambiguously provides that the trial court must designate as the principal term the longest term actually imposed by the

court, which is not necessarily the longest term available under the applicable sentencing triads.

We also observe that the Legislature knows how to express its intent that the trial court impose the longest possible term of imprisonment in structuring a sentence. For example, Penal Code section 654, subdivision (a), provides in pertinent part, "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for *the longest potential term of imprisonment . . . .*" (Italics added.) Penal Code section 1170.1 does not include any comparable direction to the trial court.

■ Accordingly, we determine that the language of Penal Code section 1170.1, subdivision (a), generally provides the trial court with a three-step procedure for structuring the aggregate sentence for multiple convictions. Penal Code section 1170.1, subdivision (a), plainly allows the trial court, as a first step, to impose lawful consecutive sentences on each of the current multiple convictions for which determinate sentences are authorized. Penal Code section 1170.1, subdivision (a), does not mandate the length of the terms selected in the first step or require selection of the lower, middle or upper term. As a second step, Penal Code section 1170.1, subdivision (a), requires the trial court to designate the longest sentence imposed in step one as the principal term and the shorter sentences as subordinate terms. (*People v. Felix, supra*, 22 Cal.4th at p. 655.) The third and final step required by Penal Code section 1170.1, subdivision (a), is to calculate the sentence on each of the subordinate terms as one-third the middle term "prescribed" by statute for each conviction. (Pen. Code, § 1170.1, subd. (a).) Where, as here, the defendant has a prior strike conviction, each term must then be doubled. (*People v. Nguyen, supra*, 21 Cal.4th 197 at p. 204.)

Our interpretation is consistent with the decisions that have applied Penal Code section 1170.1, subdivision (a). In *People v. Melchor* (1989) 211 Cal.App.3d 1485 [260 Cal.Rptr. 174], this court rejected the defendant's contention that the trial court was required to designate, based on the sentencing scheme set forth in Penal Code section 12022.1, the four-year term imposed on a conviction in a previous case as the principal term under Penal Code section 1170.1, subdivision (a), rather than the six-year term imposed on a current conviction. Relying on *People v. Jackson* (1987) 192 Cal.App.3d 209, 220 [237 Cal.Rptr. 373] (*Jackson*), we determined that "there was no error here because the court designated the principal term in

accordance with section 1170.1." (*People v. Melchor, supra*, 211 Cal.App.3d at p. 1490.)

In *Jackson*, the appellate court ruled that the trial court had erred in designating as the principal term under Penal Code section 1170.1, subdivision (a), the three-year term imposed for an earlier conviction rather than the four-year term imposed for the current burglary conviction. (*Jackson, supra*, 192 Cal.App.3d at p. 220.) The *Jackson* court stated, "section 1170.1 sets forth the general sentencing scheme for multiple convictions, and mandates that the principal term shall consist of the greatest term of imprisonment imposed for any of the crimes." (*Ibid.*)

Consequently, we are not convinced by the People's argument that where, as here, the multiple convictions are all current convictions, Penal Code section 1170.1, subdivision (a), requires the trial court to impose a term selected from the greatest sentencing triad available among the multiple convictions and to designate that term as the principal term. The People rely on the decisions in *People v. Felix, supra*, 22 Cal.4th 651 and *People v. Scott* (1993) 17 Cal.App.4th 1383 [22 Cal.Rptr.2d 46].

In *Felix*, our Supreme Court explained the operation of Penal Code section 1170.1, subdivision (a), as follows: "[I]f a defendant is convicted of more than one offense carrying a determinate term, and the trial court imposes consecutive sentences, the term with the longest sentence is the 'principal term'; any term consecutive to the principal term is a 'subordinate term.'" (*People v. Felix, supra*, 22 Cal.4th at p. 655.) In *Scott*, the issue was "the manner in which a trial court is to compute an aggregate term of consecutive sentences for multiple offenses [under Penal Code section 1170.1, subdivision (a)] when a forcible-escape conviction under section 4532 is among them," in light of the Penal Code section 4532 requirement that a consecutive term be imposed on a forcible-escape conviction. (*People v. Scott, supra*, 17 Cal.App.4th at p. 1384.)

The trial court in *Scott* had imposed a six-year upper term for the forcible-escape conviction, designated that six-year term as the principal term, and then designated the lesser terms on the remaining convictions as the subordinate terms. (*People v. Scott, supra*, 17 Cal.App.4th at pp. 1385–1386.) The appellate court in *Scott* determined the trial court had erred because the Legislature mandated in Penal Code section 4532 that the term imposed for a forcible-escape conviction be served consecutively to the sentence on any other felony charges. (17 Cal.App.4th at p. 1387.) Thus, the appellate court ruled that the aggregate sentence should be determined by first calculating the sentence under Penal Code section 1170.1, subdivision (a), without regard to the forcible-escape conviction, then tacking on the full consecutive term for the forcible-escape conviction. (17 Cal.App.4th at pp. 1387–1388.)

■ In so ruling, the *Scott* court stated that under Penal Code section 1170.1, subdivision (a), "the trial court is required to designate the lengthiest offense (taking into account any pertinent concomitant enhancements) as the principal term." (*People v. Scott, supra,* 17 Cal.App.4th at p. 1385.) The People seize upon this language in *Scott* as constituting a ruling that the trial court must impose, then designate as the principal term, the longest term available. However, when this language is viewed in context, it is apparent that the People misconstrue the decision in *Scott.* The *Scott* court was not presented with the issue of whether Penal Code section 1170.1 requires the trial court to impose a term selected from the greatest sentencing triad available among current multiple convictions and then to designate that sentence as the principal term. It is axiomatic that " '[c]ases are not authority for propositions not considered. [Citations.]' [Citation.]" (*People v. Barragan* (2004) 32 Cal.4th 236, 243 [9 Cal.Rptr.3d 76, 83 P.3d 480].)

The present case is complicated by the fact that the Penal Code section 1170.1, subdivision (a), sentencing issue arises in the context of a plea agreement. Defendant agreed to allow the trial court to determine whether his aggregate sentence for the three felony offenses to which he pleaded guilty would be six years or six years eight months, with a different sentencing structure for each aggregate sentence. Each proposed sentencing structure included a term that could be deemed the principal term because it was the longest sentence imposed on any of the three convictions, plus subordinate terms of one-third the prescribed middle term. Thus, the trial court was not required to independently perform the three-step procedure under Penal Code section 1170.1, subdivision (a) in order to calculate the aggregate sentence. Instead, the trial court was asked to choose between two aggregate sentences, both lawful under Penal Code section 1170.1, subdivision (a). In these particular circumstances, the trial court had the discretion under Penal Code section 1170.1, subdivision (a), to impose either the aggregate sentence of six years or the aggregate sentence of six years eight months.

Defendant therefore correctly contends that the trial court failed to exercise its discretion under Penal Code section 1170.1, subdivision (a). Because the trial court erroneously believed it had no discretion and was compelled under Penal Code section 1170.1, subdivision (a), to impose the six-year eight-month aggregate sentence, based on the highest sentencing triad available under defendant's plea agreement, we will reverse the judgment and remand the matter for the sole purpose of allowing the trial court to exercise its discretion in deciding whether to impose the six-year aggregate sentence or the six-year eight-month aggregate sentence. (See, e.g., *People v. Meloney* (2003) 30 Cal.4th 1145, 1165 [135 Cal.Rptr.2d 602, 70 P.3d 1023].)

## IV. DISPOSITION

The judgment of conviction is reversed and the matter is remanded for sentencing. Upon remand, the trial court shall exercise its discretion under Penal Code section 1170.1, subdivision (a), in deciding whether to impose an aggregate sentence of six years or an aggregate sentence of six years eight months.

Mihara, J., and McAdams, J., concurred.

Respondent's petition for review by the Supreme Court was denied February 14, 2007, S149283.