Filed 9/16/13  P. v. McKim CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

|  |  |
|---|---|
| THE PEOPLE, | C070228 |
| Plaintiff and Respondent, | (Super. Ct. No. 11-2230) |
| v. | |
| JASON McKIM, | |
| Defendant and Appellant. | |

In exchange for a stipulated sentence of 16 years four months, defendant Jason McKim pleaded no contest to two counts of robbery (Pen. Code, § 211 -- counts 1 & 2),[1] one count of vandalism (§ 594 -- count 3) and one count of resisting or obstructing a peace officer (§ 148, subd. (a)(1) -- count 4).  He also admitted a deadly weapon enhancement as to the second robbery charge (§ 12022, subd. (b)(1)), two prior serious felony enhancements (§§ 667, subds. (a)(1), (c), (e)(1), 1192.7) and a prior prison term

---

[1]     Undesignated statutory references are to the Penal Code.

enhancement (§ 667.5, subd. (b)).  Defendant contends the imposition of a one-year term for the deadly weapon enhancement was unauthorized because it violates the requirements of section 1170.1.  We find the court improperly designated count 1 as the principal term.  This error requires the abstract of judgment be amended.

BACKGROUND

Because of the nature of the claim on appeal a detailed recitation of the substantive facts underlying the offenses is not necessary.

In March 2011, defendant stole money from the cash register drawer at a pharmacy.  Approximately two months later, he went to a sandwich shop and demanded cash from the store clerk at knife point.  After his arrest for robbery, defendant attempted to escape from the Woodland Police Department.  In his escape efforts, he damaged doors to the building.

Defendant was charged with two counts of second degree robbery (counts 1 & 2), one count of vandalism (count 3) and one count of misdemeanor resisting or obstructing a peace officer (count 4).  It was also alleged defendant used a deadly weapon in the commission of the robbery in count 2.  It was further alleged defendant had a prior strike conviction (§ 667, subd. (a)(1)), a prior serious felony conviction (§ 667, subds. (c), (e)(1)), and had served two prior prison terms (§ 667.5, subd. (b)).

The parties agreed to a plea in which defendant admitted committing both robberies, vandalism, and the deadly weapon enhancement.  Defendant also admitted the prior conviction enhancements and one of the prior prison term enhancements.  The remaining charges were dismissed and defendant agreed to a stipulated sentence of 16 years four months.  In accordance with the plea, the trial court sentenced defendant to an aggregate term of 16 years four months.  The sentence was reached as follows:  the trial court designated the robbery in count 1 as the principal term and sentenced defendant to a term of three years, doubled because of the strike to six years; a one-year (one-third the midterm) term was imposed on the robbery in count 2, as a subordinate term, doubled to

2

two years because of the strike; one year for the deadly weapon enhancement; an eight-month term was imposed on count 3 (one-third the midterm) doubled to 16 months due to the strike; five years for the prior serious felony; and, one year for the prior prison term enhancement.

## DISCUSSION

Defendant contends the imposition of a full one-year term on the deadly weapon enhancement was an unauthorized sentence, as it was a specific enhancement attached to a subordinate term. Accordingly, he argues the court should have imposed one-third the term for the enhancement, resulting in an aggregate term of 15 years eight months. The People agree the sentence is unauthorized, but for a different reason. The People contend the sentence is unauthorized because the trial court incorrectly selected count 1 as the principal term, not count 2. We agree with the People.

Section 1170.1 provides generally that if a sentencing court elects to impose consecutive sentences when a defendant is convicted of multiple offenses, it must impose an aggregate sentence composed of a principal term and subordinate terms. "The principal term shall consist of the greatest term of imprisonment imposed by the court for any of the crimes, including any term imposed for applicable specific enhancements. The subordinate term for each consecutive offense shall consist of one-third of the middle term of imprisonment prescribed for each other felony conviction for which a consecutive term of imprisonment is imposed, and shall include one-third of the term imposed for any specific enhancements applicable to those subordinate offenses. . . ." (§ 1170.1, subd. (a).) The term "specific enhancement," as used in section 1170.1, "means an enhancement that relates to the circumstances of the crime," and "includes . . . the enhancement[ ] provided in Section[ ] . . . 12022 . . . ." (§ 1170.11.)

Here, the court selected count 1 as the principal term and the remaining counts were designated as subordinate terms. Despite the fact that the specific weapon enhancement was attached to a subordinate term the robbery in count 2, the court

3

imposed a full one-year term on that enhancement. This was error. *If* count 2 was properly designated as a subordinate term, then the specific enhancement attached to that count could not have been sentenced as a full term, but rather had to be reduced to one-third the term, in this case, four months.

However, on this record, it is clear count 2 was not properly designated as a subordinate term and count 1 was not properly designated as the principal term. Structuring aggregate sentencing for multiple convictions is a three-step process. First, the trial court determines the sentence to be imposed on each of the convictions. Second, the trial court designates the longest of the sentences imposed in step one as the principal term, and the shorter sentences as subordinate terms. Third, the trial court calculates the sentence on each subordinate term as one-third of the middle term prescribed by statute for each conviction. (*People v. Miller* (2006) 145 Cal.App.4th 206, 216.) The reduction of the sentence for the subordinate term does not occur before the court determines the principal term by selecting the longest of the sentences to be imposed. (*Ibid.*)

As to both robbery counts, the court imposed the midterm of three years. Determination of the principal term requires the court include in its calculation "*any term imposed for applicable specific enhancements*." (§ 1170.1, subd. (a), italics added.) Accordingly, the sentence for the robbery in count 2, including the term imposed for the applicable specific deadly weapon enhancement, was four years. Thus, the longest of the sentences imposed was the sentence on count 2. Since count 2 had the greatest term of imprisonment, it had to be designated the principal term. This determination is not a discretionary one, but is mandated by section 1170.1. (See *People v. Chagolla* (1983) 144 Cal.App.3d 422, 433, fn. 1.)

Here, the court imposed a lawful sentence, but fashioned it in an unauthorized manner. (*People v. Mustafaa* (1994) 22 Cal.App.4th 1305, 1311.) Even when the trial court has erred, remand is unnecessary except where the record clearly indicates the court probably would have imposed a more favorable sentence in the absence of error. (*People*

4

*v. Avalos* (1984) 37 Cal.3d 216, 233; *People v. Murray* (1994) 23 Cal.App.4th 1783, 1792-1793.) There is no such indication in this record. The parties agreed to a sentence of 16 years four months and the record is clear that is the aggregate sentence the court intended to impose. The only way to properly impose a sentence of 16 years four months is to designate count 2 as the principal term. With count 2 as the principal term, the full term for the section 12022 enhancement attaches to that term and the resulting aggregate sentence for all counts is 16 years four months. We will, however, order the abstract of judgment corrected to reflect designation of the robbery in count 2 as the principal term.

## DISPOSITION

The judgment is affirmed. The trial court is ordered to prepare an amended abstract of judgment designating count 2 as the principal term and to forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.


                                    NICHOLSON          , Acting P. J.



We concur:



          ROBIE          , J.



          BUTZ          , J.



5