Filed 7/31/14  P. v. Chapa CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E059028 |
| v. | (Super.Ct.No. INF1200814) |
| LUIS ROY CHAPA, JR., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Graham Anderson Cribbs, Judge.  (Retired Judge of the Riverside Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed as modified; remanded with directions.

Victoria H. Stafford, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson and Jennifer B. Truong, Deputy Attorneys General, for Plaintiff and Respondent.

A jury found defendant and appellant Luis Roy Chapa, Jr., guilty of attempted robbery (Pen. Code, §§ 664/211; count 1);[1] possession of a firearm by a felon (§ 29800, subd. (a)(1); count 2); possession of ammunition by a felon (§ 30305, subd. (a)(1); count 3); and active participation in a criminal street gang (§ 186.22, subd. (a); count 4). As to count 1, the jury found true that defendant personally used a firearm in the commission of the crime (§ 12022.53, subd. (b)) and that defendant committed the crime for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(C)). In a bifurcated proceeding, the trial court found true that defendant had served a prior prison term (§ 667.5, subd. (b)). Defendant was sentenced to a total term of 24 years 10 months in state prison with credit for time served.

On appeal, defendant contends: (1) the trial court erred in selecting count 2, instead of count 1, as the principal term under section 1170.1, subdivision (a); (2) the trial court erred in failing to stay his sentence on count 3 pursuant to section 654; (3) the trial court erred in failing to stay his sentence on count 4 under section 654; and (4) the trial court erred in failing to orally pronounce in detail all the fines and fees imposed. For the reasons explained below, we will affirm the judgment with modifications and remand the matter to the trial court with directions.

---

[1] All future statutory references are to the Penal Code unless otherwise stated.

# I

## FACTUAL BACKGROUND

On March 7, 2012, at around 11:00 p.m., Cesar Romero was driving home with his girlfriend when he saw a blue car heading in the opposite direction make a U-turn and speed up to his car. The blue car pulled up parallel to Romero's car. Defendant, a Varrio "Cochela" Rifa (VCR) gang member, was in the front passenger seat of the blue car, another VCR gang member was driving the car, and defendant's girlfriend was in the backseat. Defendant yelled, "'Coachella,'" and made a letter "C" with his hand. The blue car merged toward Romero's car, forcing Romero to merge and stop his car.

Defendant exited the blue car holding a gun and ordered Romero out of his car. Romero got out of his car with his hands up. Defendant pointed the gun at Romero's head and said, "'I am the devil. Give me your money.'" Romero pulled out his wallet, removed all the money he had, a single dollar bill, and gave it to defendant. Defendant laughed and gave the dollar back to Romero. Defendant told Romero to not look at his face and to "'Get the fuck out of here.'" Romero got back into his car and drove away. Romero's girlfriend called 911 and Romero spoke with the police.

Later that evening, law enforcement stopped a vehicle matching Romero's description. Defendant was in the front passenger seat and his girlfriend was in the driver's seat. A shotgun with five live rounds and seven spent rounds was found on the floorboard behind the driver's seat. During an in-field lineup, Romero and his girlfriend identified defendant as the person who attempted to rob Romero.

3

A gang expert opined that defendant was an active member of the Avenue 53 VCR gang based on defendant's tattoos, self-admissions, and interviews with defendant's associates. The expert concluded that the crime was committed for the benefit of the gang and in association with a gang member.

II

DISCUSSION

A.     *Selection of the Principal Term*

Defendant contends that the trial court erred in selecting count 2, the conviction for felon in possession of a firearm, as the principal term, because the sentence on count 1 for attempted robbery carried the longest term, and therefore the trial court was required to select count 1 as the principal term under section 1170.1, subdivision (a). He thus urges this court to remand the matter for resentencing with directions to select count 1 as the principal term. The People agree the case should be remanded with directions to the trial court to select count 1 as the principal term.

Section 1170.1 provides generally that if a sentencing court elects to impose consecutive sentences when a defendant is convicted of multiple offenses, it must impose an aggregate sentence composed of a principal term and subordinate terms. "The principal term shall consist of the greatest term of imprisonment imposed by the court for any of the crimes, including any term imposed for applicable specific enhancements. The subordinate term for each consecutive offense shall consist of one-third of the middle term of imprisonment prescribed for each other felony conviction for which a consecutive

term of imprisonment is imposed, and shall include one-third of the term imposed for any specific enhancements applicable to those subordinate offenses." (§ 1170.1, subd. (a).) The term "specific enhancement," as used in section 1170.1, "means an enhancement that relates to the circumstances of the crime." (§ 1170.11.)

Here, the trial court selected count 2 as the principal term and sentenced defendant to the midterm of two years on that count. The remaining counts were designated as subordinate terms. Despite the fact that the specific weapon and gang enhancements were attached to a subordinate term, the attempted robbery in count 1, the court imposed a full 10-year term on the weapon enhancement and a full 10-year term on the gang enhancement. This was error. If count 1 was properly designated as a subordinate term, then the specific enhancements attached to that count could not have been sentenced as full terms, but rather had to be reduced to one-third the term.

However, on this record, it is clear count 2 was not properly designated as a subordinate term and count 1 was not properly designated as the principal term. Structuring aggregate sentencing for multiple convictions is a three-step process. First, the trial court determines the sentence to be imposed on each of the convictions. Second, the trial court designates the longest of the sentences imposed in step one as the principal term, and the shorter sentences as subordinate terms. Third, the trial court calculates the sentence on each subordinate term as one-third of the middle term prescribed by statute for each conviction. (*People v. Miller* (2006) 145 Cal.App.4th 206, 216.) The reduction of the sentence for the subordinate term does not occur before the court determines the

5

principal term by selecting the longest of the sentences to be imposed. (*Id.* at pp. 216-217.)

As to count 2, the court imposed the midterm of two years. As to count 1, the court imposed one-third of the midterm of 1.5 years or six months, plus two consecutive 10-year terms for the enhancement allegations attached to that count, for a total of 20 years six months on count 1. Determination of the principal term requires the court include in its calculation "any term imposed for applicable specific enhancements." (§ 1170.1, subd. (a).) Accordingly, the sentence for the attempted robbery in count 1, including the terms imposed for the applicable specific enhancements, should be 21.5 years (the midterm of 1.5 years, plus two 10-year terms for the weapon use and gang enhancements attached to that count). Since count 1 had the greatest term of imprisonment, it had to be designated the principal term. This determination is not a discretionary one, but is mandated by section 1170.1. (See *People v. Chagolla* (1983) 144 Cal.App.3d 422, 433, fn. 1.)

Here, the court imposed a lawful sentence, but fashioned it in an unauthorized manner. (*People v. Mustafaa* (1994) 22 Cal.App.4th 1305, 1311.) We will therefore remand the matter to the trial court to resentence defendant. The trial court is directed to select attempted robbery in count 1 as the principal term and sentence defendant in accordance with this opinion.

B. *Sentence on Count 3 (Possession of Ammunition by a Felon)*

Defendant also argues, and the People correctly concede, that sentencing on count 3 (felon in possession of ammunition) should have been stayed pursuant to section 654 because possession of the ammunition was incidental to possession of the firearm by a felon (count 2).

"Section 654 prohibits multiple punishment for a single physical act that violates different provisions of the law." (*People v. Jones* (2012) 54 Cal.4th 350, 358.) "The purpose of this statute is to prevent multiple punishment for a single act or omission, even though that act or omission violates more than one statute and thus constitutes more than one crime." (*People v. Hutchins* (2001) 90 Cal.App.4th 1308, 1312.)

Based on the reasoning of *People v. Lopez* (2004) 119 Cal.App.4th 132, we agree with the parties. In that case, the court explained: "The Legislature has wisely declared that specified people should not possess firearms and/or ammunition. The obvious legislative intent is to prohibit these persons from combining firearms with ammunition. [Defendant's] obvious intent was to possess a loaded firearm. [¶] . . . While there may be instances when multiple punishment is lawful for possession of a firearm and ammunition, the instant case is not one of them. Where, as here, all of the ammunition is loaded into the firearm, an 'indivisible course of conduct' is present and section 654 precludes multiple punishment." (*Id*. at p. 138.)

7

Here, as in *Lopez*, the ammunition in defendant's possession was loaded into the firearm. Accordingly, the sentence on count 3 for felon in possession of ammunition should have been stayed.

C.      *Sentence on Count 4 (Substantive Gang Offense)*

Relying on *People v. Mesa* (2012) 54 Cal.4th 191, defendant further argues that his consecutive sentence on count 4 for active participation in a criminal street gang, the section 186.22, subdivision (a) substantive gang offense, should have been stayed pursuant to section 654. The People agree, and so do we.

In *People v. Mesa* (2012) 54 Cal.4th 191 (*Mesa*), the California Supreme Court held that section 654 does not permit separate punishment for the section 186.22, subdivision (a) crime of active participation in a criminal street gang when the only evidence of such participation is the current charged offenses, even if there are multiple objectives. (*Mesa*, at pp. 199-200.)

Here, as the People concede, the evidence supporting defendant's active participation in a criminal street gang was the evidence associated with the other charged offenses of attempted robbery, felon in possession of a firearm, and felon in possession of ammunition. Hence, defendant was convicted of both active gang participation *and* the underlying felonies that were used to "'transform[] mere gang membership—which, by itself, is not a crime—into the crime of gang participation.' [Citation.]" (*Mesa*, *supra*, 54 Cal.4th at p. 197.) Accordingly, pursuant to *Mesa,* at page 199, the trial court should

8

have stayed the term it imposed for the section 186.22, subdivision (a) offense (count 4). We will direct the trial court to correct the sentence accordingly.

> D.  *Imposition of Fines and Fees*

Lastly, relying on *People v. High* (2004) 119 Cal.App.4th 1192 (*High*), defendant contends that the trial court erred in not complying with its statutory duty to orally pronounce in detail each fine, fee and penalty imposed. The People respond that a trial court is not required to orally pronounce in detail every fine and fee imposed and that the trial court properly imposed the fines and fees by referencing the probation report.

After the trial court sentenced defendant and informed him of his appeal rights, the trial court came back on the record, noting it had forgot to address two issues. The trial court stated: "No. 1, the Court adopts the recommendation of the probation department with regard to the sentencing scheme, certain terms and conditions that are set forth therein in the report. They're all set forth on page 12, and the Court does adopt those as being part of the T's and C's in this case. [¶] . . . [¶] With regard to the various fees that are set forth in the recommendations, the Court in fact does adopt those recommendations, so again, those T's and C's are all set forth on page 12." The court did not orally pronounce any of the fines or fees listed on page 12 of the probation report. The court also failed to reference page 13 of the probation report, which noted a criminal conviction fee, or impose a court security fee.

Page 12 of the probation report provides the following, in relevant part:

"Pay victim restitution TBD and additional amounts determined by Probation; Enhanced Collections Division to forward findings to Division of Adult Institutions authorized to collect obligation.  Pay interest on restitution of 10% per annum. [Sections 1202.4, subdivisions (f), (f)(3)(G), and 2085.5.]

"Pay restitution to the Restitution Fund to the extent the victim may receive assistance from California Victims Compensation and Government Claims Board; Division of Adult Institutions authorized to collect obligation; disputes to be resolved in court hearing; findings to be forwarded to Enhanced Collection Division to Division of Adult Institutions.  [Sections 1202.4, subdivision (f)(2), and 2085.4.]

"Pay restitution fine in the amount of $10,000.00; Division of Adult Institutions to collect obligation.  [Sections 1202.4 and 2085.5.]

"Pay additional parole revocation restitution fine in the amount of $10,000.00; fine is suspended unless parole is revoked.  [Section 1202.45.]"

Page 13 of the probation report provides, in pertinent part, the following:  "Pay criminal conviction assessment fee of $90.00 [$30 per convicted charge]; payable to Division of Adult Institutions [Government Code, Section 70373]."

10

The clerk's minute order of the sentencing hearing and the abstract of judgment note the victim restitution to be determined by the probation department and the $10,000 fines imposed pursuant to sections 1202.4, subdivision (b), and 1202.45. The clerk's minute order and the abstract of judgment do not include the criminal conviction assessment fee or the court security fee.

In *High*, *supra*, 119 Cal.App.4th 1192, the defendant was convicted of various crimes and sentenced to state prison. (*Id*. at p. 1195.) There were clerical errors in the abstract of judgment. (*Id*. at pp. 1199-1200.) Noting that although "a detailed recitation of all the fees, fines and penalties on the record may be tedious" and that "California law does not authorize shortcuts," the appellate court explained that "[a]ll fines and fees must be set forth in the abstract of judgment" because it "'''digest[s] or summarize[s]'''" the judgment, and without such specification the Department of Corrections and Rehabilitation "cannot fulfill its statutory duty to collect and forward deductions from prisoner wages to the appropriate agency." (*Id*. at p. 1200.) Thus, the Court of Appeal remanded to the trial court to correct the clerical errors. (*Id*. at pp. 1200-1201.)

Here, the trial court's reference to the probation report and its incorporation of certain portions thereof was proper.  (See *People v. Voit* (2011) 200 Cal.App.4th 1353, 1373; *People v. Sharret* (2011) 191 Cal.App.4th 859, 864.)  However, the trial court's reference to the probation report was incomplete as it failed to include page 13 of the probation report.  Further, the court failed to impose the mandatory court security fee.  After oral pronouncement of the sentence occurs, "[t]he responsibility then falls to the trial court clerk to specify the penalties and surcharge in appropriate amounts in the minutes and, more importantly, the abstract of judgment."  (*People v. Sharret*, *supra*, at p. 864; see also *People v. Voit*, *supra*, at p. 1373.)  Neither the minute order nor the abstract of judgment specify all the penalties and surcharges to be imposed here.

Accordingly, we must remand the case to the trial court for it to set forth the fines, fees, and assessments to be imposed upon defendant, and to identify and specify the statutory bases for all fines, fees, and assessments imposed upon defendant.  (See *High*, *supra*, 119 Cal.App.4th at pp. 1200-1201.)

III

DISPOSITION

The matter is remanded for resentencing in accordance with this opinion.  On remand, the trial court is directed to select the attempted robbery conviction in count 1 as the principal term; stay defendant's sentence on count 3 for possession of ammunition by a felon; and stay defendant's sentence on count 4 for the substantive gang offense.  On remand, the trial court is also directed to impose the relevant and mandatory fines, fees,

12

and assessments. Following the resentencing hearing, the clerk of the superior court is directed to prepare an amended abstract of judgment reflecting the modifications made at the resentencing hearing and to forward a copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ

P. J.

We concur:

RICHLI

J.

MILLER

J.

13