Filed 7/28/15  P. v. Jackson CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C076206 |
| v. | (Super. Ct. No. 13F02964) |
| ANTOINE JACKSON, | |
| Defendant and Appellant. | |

A jury convicted defendant Antoine Jackson of assault with a deadly weapon, negligent discharge of a firearm, possession of a firearm within 10 years of a domestic violence conviction, second degree robbery, fraudulent use of another's identity, and carrying a concealed firearm in a vehicle.  The jury also found true various firearm enhancements.  The trial court designated count 2 (assault with a deadly weapon) as the principal term and sentenced defendant to an aggregate term of 27 years in state prison.

1

Defendant now contends the matter must be remanded for resentencing so that the trial court can exercise its discretion in applying Penal Code section 1170.1[1] (designating the principal and subordinate terms).  Although defendant's trial counsel did not object in the trial court to the trial court's sentencing designation, defendant claims we should reach the issue because his counsel was ineffective for failing to object.

Defendant also contends that he is entitled to eight days of additional presentence credit.

The People agree with defendant's contentions.

We conclude defendant's first contention lacks merit, but we agree that he is entitled to eight additional days of presentence credit.  We will modify the judgment to award defendant 342 days of presentence credit (298 actual days and 44 conduct days), and we will affirm the judgment as modified.

### BACKGROUND

In light of the limited nature of defendant's claims, a detailed recitation of the facts underlying his convictions is unnecessary.  Additional background regarding sentencing will be set forth in the discussion as relevant to the contentions on appeal.

A jury found defendant guilty of assault with a deadly weapon (§ 245, subd. (b) -- count 2), negligent discharge of a firearm (§ 246.3 -- count 3), two counts of possession of a firearm within 10 years of a domestic violence conviction (§ 29805 -- counts 4 and 11), three counts of second degree robbery (§ 211 -- counts 5, 7, and 8), fraudulent use of another's identity (§ 530.5, subd. (a) -- count 6), and carrying a concealed firearm in a vehicle (§ 25400, subd. (a)(1) -- count 9).  The jury also found true the following special allegations:  as to count 2, that defendant personally used a semi-automatic firearm (§ 12022.5, subd. (a)); as to counts 7 and 8, that defendant personally used a firearm

---

[1]  Undesignated statutory references are to the Penal Code.

(§ 12022.53, subd. (b)); and as to count 9, that defendant was not the registered owner of the firearm (§ 25400, subd. (c)(6)).

The probation report recommended an aggregate sentence of 23 years, with count 7 designated as the principal term.

The trial court sentenced defendant to an aggregate term of 27 years in state prison, consisting of the following:

Count 2 (designated as the principal term):  six years (the middle term), plus 10 years for the firearm enhancement;

Count 3:  a consecutive term of eight months (one-third the middle term);

Count 4:  a concurrent term of two years (the middle term);

Count 5:  a consecutive term of one year (one-third the middle term);

Count 6:  a consecutive term of eight months (one-third the middle term);

Count 7:  a consecutive term of one year (one-third the middle term), plus a consecutive term of three years four months for the firearm enhancement;

Count 8:  a consecutive term of one year (one-third the middle term), plus a consecutive term of three years four months for the firearm enhancement;

Count 9:  a concurrent term of two years (the middle term); and

Count 11:  two years (the middle term) stayed pursuant to section 654.

The trial court awarded defendant 334 days of presentence custody credit (291 actual days and 43 conduct days calculated at 15 percent) and imposed various fines and fees.

## DISCUSSION

### I

Defendant contends the matter must be remanded for resentencing so that the trial court can exercise its discretion in applying Penal Code section 1170.1 (designating the principal and subordinate terms).  Although defendant's trial counsel did not object in the

3

trial court to this sentencing designation, defendant claims we should reach the issue because his counsel was ineffective for failing to object.

We begin by explaining the requirements of section 1170.1, subdivision (a). That section provides in relevant part: "Except as otherwise provided by law, and subject to Section 654, when any person is convicted of two or more felonies, whether in the same proceeding or court or in different proceedings or courts, and whether by judgment rendered by the same or by a different court, and a consecutive term of imprisonment is imposed under Sections 669 and 1170, the aggregate term of imprisonment for all these convictions shall be the sum of the principal term, the subordinate term, and any additional term imposed for applicable enhancements for prior convictions, prior prison terms, and Section 12022.1.  The principal term shall consist of the greatest term of imprisonment imposed by the court for any of the crimes, including any term imposed for applicable specific enhancements.  The subordinate term for each consecutive offense shall consist of one-third of the middle term of imprisonment prescribed for each other felony conviction for which a consecutive term of imprisonment is imposed, and shall include one-third of the term imposed for any specific enhancements applicable to those subordinate offenses."

Section 1170.1, subdivision (a) "plainly and unambiguously provides that the trial court must designate as the principal term the longest term actually imposed by the court, which is not necessarily the longest term available under the applicable sentencing triads. (*People v. Miller* (2006) 145 Cal.App.4th 206, 215-216 (*Miller*).)

The court in *Miller* identified a three-step process by which a trial court can structure an aggregate sentence where there are multiple convictions:  (1) "impose lawful consecutive sentences on each of the current multiple convictions for which determinate sentences are authorized," (2) "designate the longest sentence imposed in step one as the principal term and the shorter sentences as subordinate terms," and (3) "calculate the

sentence on each of the subordinate terms as one-third the middle term 'prescribed' by statute for each conviction." (*Miller, supra*, 145 Cal.App.4th at p. 216.)

We also set forth the law regarding a claim for ineffective assistance of counsel, because defendant asserts such a claim. There are two prongs to an ineffective assistance of counsel argument: deficient performance and prejudice. Counsel's performance is deficient if it falls below an objective standard of reasonableness under prevailing professional norms. (*Strickland v. Washington* (1984) 466 U.S. 668 [80 L.Ed.2d 674].) Prejudice is established when defendant shows "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." (*Id.* at p. 694 [80 L.Ed.2d at p. 698].)

We now turn to an analysis of defendant's contention. The probation report recommended that count 7 be designated as the principal term, with a mid-term sentence of three years, plus a 10 year enhancement, for a total of 13 years on count 7. The trial court rejected the recommendation, stating: "Probation's preparation of the report is not consistent with my understanding of the normal operations of the law. The principal term, the base term, whatever you want to call it, typically does have to be associated with the triad that is the largest. [¶] So I do think that Probation was in error when they selected Count Seven to be the principal term. It should have been and it will be Count Two, which is a [section] 245(b) violation assault with a semi-automatic firearm."

And earlier in the sentencing hearing, the trial court stated, "I find no joy in having to do what the law compels me to do."

Defendant points to those statements as evidence that the trial court did not understand its sentencing discretion and erred in selecting count 2 as the principal term -- the count with the longest triad (three years/six years/nine years) -- rather than selecting count 7 (second degree robbery with a triad of two years/three years/five years), the count that the probation report recommended as the principal term. But the record also

5

establishes that the trial court exercised its sentencing discretion by selecting the middle term of the triad on count 2 -- six years -- based on defendant's prior convictions, which the trial court said were numerous and of increasing seriousness. The trial court also imposed 10 years for the section 12022.5, subdivision (a) firearm enhancement. Thus, while the trial court was not accurate in stating that the principal term "typically does have to be associated with the triad that is the largest," there is no indication the trial court misunderstood its discretion to impose the middle term of six years on count 2, making that term the "longest term actually imposed by the court" (*Miller, supra*, 145 Cal.App.4th at pp. 215-216). Because the trial court could not have imposed a longer sentence on any other count, the sentence on count 2 was properly designated as the principal term, defendant was not prejudiced, and defendant's trial counsel was not deficient for failing to object. Defendant's claim lacks merit.

## II

Defendant also contends he is entitled to eight days of additional presentence credit.

In calculating the number of days of actual custody, a trial court must include the day of arrest, the day of sentencing, and every day in between. (*In re Marquez* (2003) 30 Cal.4th 14, 22-23.) Here, defendant was arrested on May 28, 2013, and he remained in custody until sentencing on March 21, 2014. Thus, he served 298 actual days of custody. Because defendant's presentence conduct credits are calculated under section 2933.1, he is entitled to 15 percent conduct credit, or 44 days. Defendant was therefore entitled to a total of 342 days of presentence credit.

Here, the probation report utilized an incorrect sentencing date of March 14, 2014, to calculate presentence credit. Relying on the probation report, the trial court awarded defendant 291 actual days and 43 conduct days, for a total of 334 days of presentence credit. We will modify the judgment to award defendant 342 days of presentence credit (298 actual days and 44 conduct days).

6

We also note that the abstract of judgment incorrectly states that the one-year sentence on count 5 is concurrent rather than consecutive. We will direct the trial court to correct the abstract.

DISPOSITION

The judgment is modified to award defendant 342 days of presentence credit (298 actual days and 44 conduct days). The judgment is affirmed as modified. The trial court is directed to prepare an amended and corrected abstract of judgment reflecting the judgment as modified and correcting the abstract to reflect that the one-year sentence on count 5 is consecutive. The trial court is further directed to send a certified copy of the amended and corrected abstract of judgment to the Department of Corrections and Rehabilitation.


                                                 MAURO , J.


We concur:


ROBIE , Acting P. J.


HOCH , J.

7