Filed 3/10/22  P. v. Montes CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>JESUS ARANDA MONTES,<br><br>　　　Defendant and Appellant. | D078619<br><br><br><br>(Super. Ct. No. SCD282761) |

APPEAL from a judgment of the Superior Court of San Diego County, David M. Gill, Judge.  Affirmed in part, reversed in part, and remanded for resentencing.

Kenneth J. Vandevelde, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Michael Pulos and Eric A. Swenson, Deputy Attorneys General for Plaintiff and Respondent.

This appeal only raises claims of sentencing error. After a bench trial, Jesus Aranda Montes was convicted of arson of property (a lesser included offense of arson of a structure, Count 1), possessing a destructive device in public (Count 2), and possessing a flammable material (Count 3). Believing it was required to designate Count 2 as the "principal term" because it had the highest triad (two, four, or six years), the court sentenced Montes to prison for six years and eight months.

Citing *People v. Miller* (2006) 145 Cal.App.4th 206 (*Miller*), on appeal Montes contends the trial court misunderstood the scope of its discretion in choosing the principal term. We agree. The principal term is the longest term the court chooses to *impose*, not the longest term *available*. (*Id.* at pp. 215–218.) Because the trial court misunderstood the scope of its discretion, the matter must be remanded for resentencing. (See *People v. El* (2021) 65 Cal.App.5th 963, 966–967.)

FACTUAL AND PROCEDURAL BACKGROUND

Surveillance cameras recorded Montes throwing an object that was on fire over a fence into the victim's backyard. Fortunately, it burned only four small patches of grass.

Responding police officers found Montes inside his home in a locked bathroom, along with a disposable lighter, gasoline can, and a glass bottle containing gasoline and a cloth wick. Two other glass bottles containing gasoline were found near the front door.

After inspecting the burned area, an arson investigator concluded that a cloth soaked in a "flammable liquid" was thrown into the neighbor's yard, and when it hit the ground it "bounced or moved," creating the four burned areas.

2

Testifying on his own behalf, Montes claimed that he threw a rock, not a flaming cloth. He explained that what appeared to be a Molotov cocktail was actually a spray bottle for cleaning car parts with gasoline.[1]

## DISCUSSION

A. *The Trial Court Misunderstood the Scope of Its Sentencing Discretion*

Having convicted Montes of (1) arson of property; (2) possession of a destructive device; and (3) possession of flammable material, the court's sentencing choices were:

Count 1: 16 months, 2 years, or 3 years (Pen. Code,[2] § 451, subd. (d));

Count 2: 2 years, 4 years, or 6 years (§ 18715, subd. (a)); and

Count 3: 16 months, 2 years, or 3 years (§§ 453, subd. (a), 1170, subd. (h)(1)).

After the court stated it was inclined to impose consecutive sentences, defense counsel urged the court to select Count 1 (arson) as the principal offense, impose the middle term of two years, and "then run Count 2 consecutive to that." He added, "I don't think treating Count 2 . . . as the primary offense makes sense in this case."

The deputy district attorney who appeared at sentencing was not trial counsel. The court offered to continue the hearing "so that trial counsel can be present," but she declined the offer. Addressing consecutive sentencing, the prosecutor stated—and more importantly, the trial court agreed—that as a matter of law, it was *required* to choose Count 2 as the principal count because it carried the highest triad:

---

[1] The court remarked, "I just think as a reasonably objective trier of fact, I found some of [Montes's] testimony rather incredible and not worthy of particular belief or weight."

[2] Undesignated statutory references are to the Penal Code.

"[Prosecutor:] I would just first respond[.] I did receive defense counsel's Statement in Mitigation. I think the general thrust of it is essentially that the court should pick Count 1, the strike offense, as essentially the lead offense here. I would point out that I don't believe the court is actually capable—well, not capable, but pursuant to [section] 1170.1, *the court must pick the count with the highest triad essentially as the lead crime here.* [(Italics added.)]

"[The Court:] *Well, that's my understanding, yes.*" (Italics added.)

The court imposed the "aggravated term of 6 years on Count 2" as the principal offense, plus a consecutive eight months (one-third of the midterm) on Count 1. On Count 3, the upper term was imposed and stayed under section 654.

Section 1170.1 provides the general formula for determining consecutive terms of imprisonment. Subdivision (a) provides in part: "The principal term shall consist of the greatest term of imprisonment *imposed by the court* for any of the crimes, including any term imposed for applicable specific enhancements." (Italics added.) In *Miller,* the appellate court held that a trial judge erroneously interpreted section 1170.1 as requiring that the longer of two aggregate sentences offered in a plea agreement be imposed. (*Miller, supra,* 145 Cal.App.4th at pp. 213–214.) Rather, it is the longest term the trial court *chooses* to impose, not the longest term available under the sentencing scheme, that becomes the principal term. (*Id.* at pp. 215–216.) Accordingly, if a trial court does not want to designate the longest available sentence as the principal term, it may exercise its discretion to select the terms for each offense and then make the principal term designation according to the longest of the selected terms.

4

In this case, for example, the court had discretion to choose Count 1 as the principal offense. If it had done so and imposed that upper term, Montes's total unstayed sentence would have been four years and four months, consisting of three years on Count 1, and one and one-third years on Count 2 (one-third of the two-year midterm).

On appeal, the Attorney General does not dispute that the deputy district attorney appearing at sentencing misstated the law.[3] Rather, he claims that defense counsel corrected that mistake because in rebuttal argument, Montes's lawyer stated:

> "[I]t's not that I want to go down the rabbit hole of consecutive sentencing, but [section] 1170.1's language . . . doesn't say that the Court is manifestly obligated to select the count that carries with it the highest triad. It's the term for which the most amount of time is imposed[,] is what the language is."

Because the trial court "made no statement to the contrary and failed to express any disagreement in response to defense counsel's contention," the Attorney General infers that the trial judge was persuaded, changed his view of the law, and exercised informed discretion in selecting Count 2 as the principal term. "At minimum," the Attorney General claims, "the record is ambiguous" in this respect.

We view the record differently. *Immediately* after the prosecutor misstated the law, the trial court said, "that's my understanding, yes." And after rebuttal argument, the court said nothing to the contrary. The only explanation offered for selecting Count 2 as the principal term was that section 1170.1 required it. Taking nothing away from defense counsel's

---

[3] The probation officer made the same mistake, designating Count 2 as "the primary term because it carries the longer term of 4 years" as the middle term.

oratory skills, it seems highly unlikely the trial court would have completely flip-flopped on the law after listening to a short rebuttal argument that merely asserted, without citation to any supporting authority, a position contrary to the one it had already adopted.

Montes is entitled to a new sentencing hearing where the court can exercise its discretion in selecting the principal term. (*People v. Flores* (2021) 63 Cal.App.5th 368, 385.) We reject the Attorney General's argument that remand is unnecessary because "there is no possibility, much less a reasonable probability, that [the court] would sentence [Montes] any differently if given another chance . . . ." The court noted there were mitigating factors: Montes had no criminal history, and he may have been suffering from mental conditions that "significantly reduced his culpability for the crime." Additionally, the probation report, which the trial judge characterized as being "thorough and well done, well thought-out" recommended a total sentence of four years, eight months—significantly less than the six years, eight months actually imposed. The trial court did not state that Montes should receive the maximum sentence possible. Accordingly, remand is necessary so that the trial court may have the opportunity to exercise its sentencing discretion.[4]

B.   *On Remand, Montes is Entitled to the Benefit of Newly Amended Section 1170, Subdivision (b)*

Effective January 1, 2022, the Legislature amended section 1170, subdivision (b) to narrow the permissible grounds for imposing an upper term. As amended, an upper term may be imposed "only when there are circumstances in aggravation of the crime that justify the imposition of a

---

[4]   Because of this disposition, it is unnecessary to address Montes's contention that as a matter of law, reversal is *always* required where a trial court fails to exercise sentencing discretion.

term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (*Id.,* at subd. (b)(2); Stats. 2021, ch. 731 (Sen. Bill No. 567), §1.3.) Because his judgment is not yet final, at resentencing Montes is entitled to the benefit of this ameliorative change in the law. (*People v. Flores* (2022) 73 Cal.App.5th 1032, 1039.)

C.  *The Unpaid Portion of Montes's Criminal Justice Administration Fee Must Be Vacated*

As part of sentencing, the trial court imposed various fees and fines, including $154 as a criminal justice administration fee under former Government Code section 29550.1. While this appeal was pending, the Legislature repealed that statute and added Government Code section 6111, which provides in part: "On and after July 1, 2021, the unpaid balance of any court-imposed costs pursuant to . . . [Government Code] Section[ ] 29550.1 . . . is unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated."

Invoking this new law, Montes contends we should "strike" the $154 fee. However, the repeal of Government Code section 29550.1 does not entitle him to that disposition. Rather, under Government Code section 6111, any portion of the $154 fee that remained unpaid as of July 1, 2021 is deemed "unenforceable" and must be vacated from the judgment. (*People v. Lopez-Vinck* (2021) 68 Cal.App.5th 945, 953.)

## DISPOSITION

The portion of the $154 criminal justice administration fee imposed by the court that remains unpaid as of July 1, 2021 is vacated. The matter is remanded for resentencing consistent with the views expressed in this opinion. After resentencing, the superior court shall prepare an amended abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

DATO, J.

WE CONCUR:


AARON, Acting P. J.


IRION, J.

8