Filed 7/3/24  P. v. Prado CA6
# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H051502 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. 208771) |
| v. | |
| LUIS CERVANTES PRADO, | |
| Defendant and Appellant. | |

In 2008, a jury convicted appellant Luis Cervantes Prado of two counts of aggravated sexual assault of a child under age 14 by rape (Pen. Code, §§ 269, 261, subd. (a)(2)).[1]  The trial court sentenced Prado to an aggregate term of 60 years to life in prison.

In August 2023, the trial court denied Prado's petition for resentencing, filed on his own behalf under various recently added or amended statutes.

Prado appealed from the trial court's denial of his petition.  Prado's appointed appellate counsel filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), and Prado submitted supplemental briefing.

We conclude the trial court lacked jurisdiction to resentence Prado pursuant to his petition.  Therefore, we lack jurisdiction over his appeal and dismiss it.

---

[1] Unspecified statutory references are to the Penal Code.

# I. PROCEDURAL BACKGROUND[2]

In October 1998, the Santa Clara County District Attorney charged Prado with two counts of aggravated sexual assault of a child under age 14 by rape (§§ 269, 261, subd. (a)(2); counts 1 & 2), and one count of failing to register as a sex offender (§ 290, former subd. (g)(2); count 3). Counts 1 and 2 alleged that the offense occurred "[o]n or between November 18, 1996 and April 20, 1998," when the child was "[five], [six] years of age, and 10 and more years younger than [Prado]."[3] The information further alleged that Prado had a prior serious felony conviction for lewd conduct on a child under age 14 (§ 288, subd. (a)) that also constituted a strike. (§§ 667, subds. (b)–(i), 1170.12.) Prado failed to appear for trial in April 1999, and a bench warrant issued. In December 2007, Prado was arrested on the bench warrant in Phoenix, Arizona.

In October 2008, the jury found Prado guilty of the aggravated sexual assault charges (counts 1 & 2).[4] The jury further found true the allegations concerning Prado's prior conviction for lewd conduct on a child (§ 288, subd. (a)). The trial court denied Prado's *Romero*[5] motion to strike the prior conviction.

In April 2009, the trial court sentenced Prado to prison for 60 years to life, comprising 15 years to life on each of the two counts of conviction, consecutive and doubled.[6]

Prado appealed, and in August 2010, a panel of this court affirmed the judgment.

---

[2] The facts of the underlying offenses are not relevant to this appeal. We glean this background information from the record on appeal and this court's prior unpublished opinion in Prado's direct appeal, *People v. Prado* (Aug. 9, 2010, H034138). On our own motion, we take judicial notice of that opinion. (See Evid. Code, §§ 452, subd. (d), 459.)

[3] The probation officer's report states that Prado was born in 1968.

[4] Count 3 (failing to register) was not submitted to the jury, and the trial court later dismissed that count.

[5] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

[6] Section 269, subdivision (b) mandates that a violation of the section "shall be punished by imprisonment in the state prison for 15 years to life."

More than one year later, in November 2011, the trial court issued an amended abstract of judgment. It appears from the amended abstract that the court only modified the judgment to add an order for AIDS testing (§ 1202.1).

In June 2023, Prado filed on his own behalf a "Petition for Resentencing Pursuant [to] All Applicable Sections of Penal Code § 1170, § 1171, § 1172 and Assembly Bill [No.] 1540 (2021)" (petition).[7] In the body of his petition, Prado requested recall of his sentence and resentencing under Assembly Bill No. 1540 (2021–2022 Reg. Sess.) (Assembly Bill 1540), Assembly Bill No. 124 (2021–2022 Reg. Sess.) (Assembly Bill 124), Senate Bill No. 567 (2020–2021 Reg. Sess.) (Senate Bill 567)—which "collectively amended[] and added to [section] 1170"—and Senate Bill No. 483 (2021–2022 Reg. Sess.) (Senate Bill 483)—which added former section 1171.1 (current § 1172.75) concerning prior prison term enhancements (§ 667.5, subd. (b)). He also requested the appointment of counsel "for all further proceedings" and "to be present every time [the] case is brought before the court." Additionally, Prado cited and described the following laws "for all possible applicability": Senate Bill No. 1393 (2017–2018 Reg. Sess.) (Senate Bill 1393), Senate Bill No. 620 (2017–2018 Reg. Sess.) (Senate Bill 620), Senate Bill No. 775 (2021-2022 Reg. Sess.) (Senate Bill 775), Assembly Bill No. 256 (2021–2022 Reg. Sess.) (Assembly Bill 256), Senate Bill No. 81 (2021–2022 Reg. Sess.) (Senate Bill 81), and Assembly Bill No. 960 (2021–2022 Reg. Sess.) (Assembly Bill 960). He also cited Assembly Bill No. 333 (2021–2022 Reg. Sess.) (Assembly Bill 333) and Senate Bill No. 73 (2021–2022 Reg. Sess.) (Senate Bill 73) "for the court to apply if he is eligible."

---

[7] The record includes another, earlier petition for resentencing (filed in September 2022) under section 1170, former subdivision (d) and Assembly Bill No. 1540. The trial court denied that petition in a written order dated October 22, 2022, reasoning that its jurisdiction to resentence Prado had expired long ago, namely 120 days after entry of the judgment. Nothing in the record indicates that Prado appealed from that order.

3

On August 18, 2023, the trial court issued a written order denying Prado's petition.[8]  In its order, the court provided the following reasons for concluding that the laws Prado cited in his petition did not provide him any ground for relief:  The 120-day timeframe for the court to recall Prado's sentence had long passed (see former § 1170.03 [added by Assem. Bill 1540; subsequently renumbered as § 1172.1 and amended]) and Assembly Bill 1540 did not grant trial courts the authority to reopen an otherwise final judgment.[9]  Assembly Bill 124 (which amended § 1170) does not provide relief because Prado's judgment is final.  Neither Senate Bill 567 nor the amendments to section 1170, subdivision (b) apply to Prado's final judgment.  Prado did not suffer a qualifying prior prison term enhancement under Senate Bill 483 or section 1172.75.  Senate Bill 1393 (which amended §§ 667 and 1385) does not apply retroactively to Prado's final judgment.  Prado did not suffer a qualifying firearm enhancement under Senate Bill 620.  Prado was not convicted of a qualifying crime (i.e., murder, attempted murder, or manslaughter) addressed by Senate Bill 775 (see former § 1170.95 [subsequently renumbered as § 1172.6 (Stats. 2022, ch. 58, § 10)]).  Under Assembly Bill 256 (which amended section 745 [part of the California Racial Justice Act of 2020]), Prado "is currently serving a sentence based upon the final judgment . . . and has not set forth the requisite showing for relief under section 745, subdivision (a)(1) through (a)(4)."  Senate Bill 81's amendment to section 1385 is inapplicable to Prado because the amendment only applies to sentencing hearings occurring after January 1, 2022.[10]  Section 1172.2 (added by

_____

[8] The trial court's order did not specifically address whether it had jurisdiction to entertain each of the grounds stated in Prado's petition.  Moreover, nothing in the record indicates that the trial court appointed counsel to represent Prado on his petition or held any hearing on the petition.

[9] We note that effective January 1, 2024, section 1172.1 allows the trial court, on its own motion, to recall and resentence a defendant at any time if the sentencing laws applicable at the time of original sentencing are changed by new statutory authority or case law.  (§ 1172.1, subd. (a); Stats. 2023, ch. 795, § 1.5.)

[10] Senate Bill 81 amended section 1385 to add subdivision (c), pertaining to enhancements.  (Stats. 2021, ch. 721, § 1.)  That subdivision lists specific mitigating

4

Assembly Bill 960) does not provide Prado any entitlement to relief because the preliminary procedural requirements for compassionate release under that section have not been met. Assembly Bill 333 does not provide Prado any relief because he did not suffer a conviction under section 186.22 for an active participation gang crime or a gang-related crime enhancement. Lastly, Senate Bill 73 is not applicable to Prado's case because he was not convicted of any offense relating to controlled substances affected by that bill.

On October 2, 2023, Prado filed a notice of appeal from the order denying his petition and requested a certificate of probable cause. The trial court granted Prado's request for a certificate of probable cause.

This court appointed counsel to represent Prado on appeal. Prado's appointed appellate counsel filed a brief pursuant to *Delgadillo*, *supra*, 14 Cal.5th 216. The brief raises no arguable issues for appeal but asks this court to conduct an independent review of the record.

Regarding appealability, Prado's appellate counsel states: "If Senate Bill 1393 or other authority authorized the trial court to grant [Prado's petition], the order is an appealable order of the superior court in a felony case. ([] § 1237, subd. (b); but see *People v. King* (2022) 77 Cal.App.5th 629, 637 [following loss of trial court jurisdiction over sentence, petition for writ of habeas corpus required to present unauthorized sentence claims to trial court].)" (Fn. omitted.)

After appellate counsel filed the *Delgadillo* brief, we notified Prado that he could submit a supplemental brief on his own behalf within 30 days. Having not received a supplemental brief from Prado, on April 4, 2024, this court dismissed the appeal as abandoned. Thereafter, appellate counsel requested that we withdraw our dismissal order

factors a court must consider when deciding whether to strike an enhancement from a defendant's sentence in the interest of justice. (§ 1385, subd. (c); *People v. Burke* (2023) 89 Cal.App.5th 237, 242–243.)

5

and review a handwritten brief that Prado had served on appellate counsel but failed to send to this court. On April 17, 2024, we vacated the dismissal.

In his briefing, Prado states that the trial court failed to follow the procedural requirements set forth in Assembly Bill 1540 (current § 1172.1), including by failing to hold a hearing or appoint counsel. Prado also seems to invoke section 1172.75 as a ground for a hearing and resentencing.

## II. DISCUSSION

Where, as here, appellate counsel finds no arguable issues in an appeal from the denial of a postconviction request for relief, we are not required to conduct an independent review of the record. (See *Delgadillo*, *supra*, 14 Cal.5th at pp. 224–231.) We give the defendant the opportunity to file his or her own supplemental brief and we then evaluate any specific arguments raised. (*Id*. at pp. 231–232.) As noted *ante*, Prado has submitted supplemental briefing.

For the following reasons, we conclude the trial court's order denying Prado's petition is not appealable and we thus lack jurisdiction to consider the arguments raised by Prado in his supplemental brief.

"Because an appealable judgment or order is essential to appellate jurisdiction, the appellate court must consider the question of appealability sua sponte, and dismiss the appeal if the judgment or order is found to be nonappealable." (*People v. Clark* (2021) 67 Cal.App.5th 248, 254; accord, *People v. Miller* (2006) 145 Cal.App.4th 206, 212.)

"In general, ' "once a judgment is rendered and execution of the sentence has begun, the trial court does not have jurisdiction to vacate or modify the sentence." ' " (*People v. Cota* (2023) 97 Cal.App.5th 318, 329, quoting *People v. King*, *supra*, 77 Cal.App.5th at p. 634 (*King*); accord, *People v. Gray* (2024) 101 Cal.App.5th 148, 164.) There are some exceptions to this rule. (See *Cota*, at p. 329; *King*, at p. 637; *Gray*, at pp. 164–165.) However, Prado's sentence began to run more than a decade before he filed his petition, and he has not identified any exception that applies to his case. In other

6

words, none of the laws that Prado cited in his petition as a potential ground for relief applied when the trial court considered and denied his petition.

Regarding Senate Bill 1393 (which appellate counsel mentioned as a potential ground for appealability), that bill, "effective January 1, 2019, amend[ed] sections 667[, subdivision (a)] and 1385[, subdivision (b)] to allow a court to exercise its discretion to strike or dismiss a prior serious felony conviction for sentencing purposes. [Citation.] Under the [prior] versions of these statutes, the court [was] required to impose a five-year consecutive term for 'any person convicted of a serious felony who previously has been convicted of a serious felony' (§ 667[, former subd.] (a)), and the court ha[d] no discretion 'to strike any prior conviction of a serious felony for purposes of enhancement of a sentence under [s]ection 667.' (§ 1385[, former subd. (b).)" (*People v. Garcia* (2018) 28 Cal.App.5th 961, 971.) In this case, however, Prado's sole prior conviction for lewd conduct on a child (§ 288, subd. (a)) was not alleged as a prior serious felony conviction for the purposes of imposing a five-year sentencing enhancement under section 667, former subdivision (a). Thus, Senate Bill 1393 does not apply.

Because none of the exceptions to the general rule apply here, the trial court lacked jurisdiction to modify Prado's sentence when it ruled on his petition for resentencing. The denial of a petition that the trial court has no jurisdiction over "does not affect a defendant's substantial rights and is therefore not appealable under section 1237, subdivision (b)." (*King*, *supra*, 77 Cal.App.5th at p. 639; see *People v. Fuimaono* (2019) 32 Cal.App.5th 132, 135; *People v. Turrin* (2009) 176 Cal.App.4th 1200, 1208; *People v. Chlad* (1992) 6 Cal.App.4th 1719, 1725–1726; see also *People v. Loper* (2015) 60 Cal.4th 1155, 1159 ["The right to appeal is statutory only, and a party may not appeal a trial court's judgment, order or ruling unless such is expressly made appealable by statute."].) Given this conclusion, we must dismiss this appeal. (*Fuimaono*, at p. 135; *Turrin*, at p. 1208; *King*, at p. 634.) In turn, the contentions in Prado's supplemental briefing are moot, and we do not address them.

## III. DISPOSITION

The appeal is dismissed.

_____
                                                      Danner, J.

WE CONCUR:

_____
Bamattre-Manoukian, Acting P. J.

_____
Bromberg, J.

**H051502**
*People v. Prado*